Argued and submitted March 18, affirmed June 10, 1992

In the Matter of the Compensation of
Julie Gasperino, Claimant.
ALBANY GENERAL HOSPITAL
and Future Health, Inc.,
*Petitioners,*

*v.*

Julie GASPERINO,
*Respondent.*
(WCB 90-10991; CA A70011)

833 P2d 1292

Adam T. Stamper, Medford, argued the cause for petitioners. With him on the brief was Cowling & Heysell, Medford.

Karen M. Werner, Eugene, argued the cause for respondent. With her on the brief were James C. Egan and Emmons, Kropp, Kryger, Alexander & Egan, P.C., Albany.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order that affirmed the referee's order setting aside employer's denial of claimant's claim for thoracic outlet syndrome (TOS). We affirm.

In January, 1989, while claimant was at work, she slipped and fell backward with her arms outstretched behind her, landing on her buttocks and low back. She sought treatment from her family physician, who diagnosed right wrist and shoulder strain, sacroiliac strain and cervical strain. Employer accepted the claim.

Over the next few months, claimant developed numbness and tingling down her arms into her hands. By July, 1989, she had lost grip strength and had experienced decreased range of motion in both wrists. She was referred to various doctors, including specialists, who gave various diagnoses for her condition. In 1990, a TOS specialist found evidence of TOS, which he concluded was materially caused by the January, 1989, fall. He performed surgery in June and July, 1990, which relieved claimant's symptoms. She filed a claim for TOS, which employer denied. At the hearing, the referee found that the 1989 fall materially contributed to claimant's condition, and the Board affirmed.

Employer argues that the Board erred by applying the material contributing cause test to determine whether the claim is compensable. It asserts that, under the 1990 amendment to ORS 656.005(7)(a)(A),[1] the TOS is a consequence of the compensable injury and, therefore, she must prove that her compensable injury was the major contributing cause of the TOS. Claimant responds that her condition is not a consequence of the compensable injury, but is part of it, because the condition is directly related to the slip and fall. She argues that the legislature did not change the material contributing cause standard for determining compensability

---

[1] Employer argues for the first time in this court that the Board erred in failing to consider this case under ORS 656.005(7)(a)(B), relating to the combination of a compensable injury with a preexisting disease. Employer did not raise that issue or rely on that provision before the Board; indeed, it asserted in its reply brief to the Board that "[t]he issue raised is whether the claimant's current problems have compensably arisen as a consequence of her accepted 1989 claim." We will not address the argument that it raises for the first time on review.

of a condition or need for medical treatment that is directly related to the industrial accident.

■ The Board considered ORS 656.005(7)(a), as amended in 1990:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A)   No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B)   If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

It concluded that the term "consequence" of a compensable injury in ORS 656.005(7)(a)(A) is ambiguous, because it could reasonably be read to include all conditions not initially diagnosed after an industrial accident or to include only consequences caused by injuries sustained in an industrial accident, *i.e.*, complications or related problems that arise from conditions previously deemed compensable. After reviewing the legislative history, the Board concluded that the legislature did not "affect the standard of compensability for conditions intrinsically related to the underlying industrial accident; only the proof required for 'consequences' of conditions previously deemed compensable have been changed to the major contributing [cause] standard." Because the medical evidence indicated that claimant's TOS was a condition that arose directly, although belatedly, from the 1989 slip and fall, and there was medical evidence that the slip and fall materially contributed to her condition, it concluded that it is compensable.

■ We agree. The reference in ORS 656.005(7)(a)(A) to "consequence" of a compensable injury is ambiguous. Our

review of the legislative history leads us to the same conclusion as the Board's. The major contributing cause standard of ORS 656.005(7)(a)(A) was not intended to supplant the material contributing cause test for every industrial injury claim. Senator Kitzhaber explained the changes in the 1990 bill:

> "The change, *not for the original injury* but for things that you brought into the workplace or injuries that occur subsequent to the compensable injury, the test is now major contributing cause or 51 percent as opposed to material. * * * I think that's the most significant change in the bill." Interim Special Committee on Workers' Compensation, May 7, 1990, Tape 26, Side A at 150. (Emphasis supplied.)

Representative Mannix's explanation was consistent with Kitzhaber's:

> "In terms of the standard for the compensability of an industrial injury, we do not change the law to measure contributing cause. * * * *We keep the standard for compensability of an industrial injury itself as whether [the] work is a material contributing cause of a given condition * * *.*" House Special Session, May 7, 1990 (statement of Representative Mannix). (Emphasis supplied.)

The distinction is between a condition or need for treatment that is caused by the *industrial accident,* for which the material contributing cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury.* It is the latter that must meet the major contributing cause test.[2]

The Board found that claimant's TOS was directly caused by the 1989 slip and fall itself, not by the injuries that she had sustained in the fall. It also found that the 1989 fall was a material contributing cause of the condition. There is substantial evidence to support those findings. Accordingly, we affirm the Board's conclusion that the claim is compensable.

Affirmed.

---

[2] An example of a condition that is a consequence of a compensable injury might be back strain caused by altered gait resulting from a compensable foot injury.