Argued and submitted October 7, affirmed December 23, 1992

In the Matter of the Compensation of
Judy R. Hicks, Claimant.

Judy R. HICKS,
*Petitioner,*

*v.*

SPECTRA PHYSICS
and Cigna Insurance Company,
*Respondents.*

(WCB 90-22539; CA A73639)

843 P2d 1009

Karsten H. Rasmussen, Eugene, argued the cause and filed the brief for petitioner.

Craig Staples, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of a Workers' Compensation Board order holding that her injury is not compensable. We affirm.

Claimant suffered a compensable injury in September, 1989. When she was returning from a treatment for the injury in October, she was injured in an automobile accident. Employer denied her claim for the October injury, and the referee and the Board upheld the denial.

■ Claimant argues that the injuries sustained in the October accident are compensable, because they are work-related. Under our decision in *Fenton v. SAIF*, 87 Or App 78, 741 P2d 517, *rev den* 304 Or 311 (1987), she would be correct:

"[W]hen a worker is injured in an accident which occurs during a trip to see a physician for treatment of a compensable injury, the new injury is also compensable[, because it is] a direct and natural consequence of her compensable injury." 87 Or App at 83.

Employer argues, and the Board agreed, that the 1990 amendments to the workers' compensation law legislatively overruled *Fenton*. The Board concluded that, under ORS 656.005(7)(a)(A), as amended in 1990, her claim is for a consequence of a compensable injury, which is not compensable because the compensable injury was not the major contributing cause of the consequential condition. The statute provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

The Board said:

"It is undisputed that claimant's injuries arose not from the compensable September 1989 industrial accident, but

rather as a consequence of an October 1989 motor vehicle collision while returning home from physical therapy for the compensable condition. * * * As claimant's original industrial injury was not the major contributing cause of her consequential headaches and musculoligamentous conditions, her claim is not compensable."

The issue is whether the injuries that claimant suffered as a result of the automobile accident are a "consequence of a compensable injury" and therefore subject to the major contributing cause test of ORS 656.005(7)(a)(A). We first considered the consequential condition language in *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992). The issue was whether a condition that arose directly but belatedly from the original injury was subject to the major contributing cause standard. We concluded, on the basis of legislative history, that it was not:

"The reference in ORS 656.005(7)(a)(A) to 'consequence' of a compensable injury is ambiguous. * * * The major contributing cause standard of ORS 656.005(7)(a)(A) was not intended to supplant the material contributing cause test for every industrial injury claim. * * * The distinction is between a condition or need for treatment that is caused by the *industrial accident*, for which the material contributing cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury*. It is the latter that must meet the major contributing cause test." 113 Or App at 414. (Footnote omitted; emphasis in original.)

Now, we are faced with a different question: Does the phrase in ORS 656.005(7)(a)(A), "consequence of a compensable injury," include injuries that are the result of activities that would not have been undertaken but for the compensable injury? As in *Gasperino*, we look to legislative history for the answer. Representative Mannix explained the changes in the law:

"We keep the standard for compensability of an industrial injury itself as whether [the] work is a material contributing cause of a given condition, but as to consequential damages we do set up a major contributing cause analysis. And what [that] means is if you have a broken arm, that's industrial. And you're crossing the street on the way to see your doctor, and the doctor's office is right over there, and you're headed across the street, and a car runs you down. Under current

law, whatever happened to you in that street is included in workers' comp[ensation]. * * * [It's] considered a consequence of your industrial injury. You got hurt on the way to the doctor. Requiring major contributing cause means that no, being run down crossing the street on the way to the doctor is not covered. That's, to me, the most succinct example of the kind of change we are making there." House Special Session, May 7, 1990, Tape 2, Side A.

Senator Kitzhaber also explained that the major contributing cause standard would apply "for things that you brought into the workplace *or injuries that occur subsequent to the compensable injury* * * *." Interim Special Committee on Workers' Compensation, May 7, 1990, Tape 26, Side A at 150. (Emphasis supplied.)

■ Those explanations convince us that the legislature intended to overrule *Fenton v. SAIF, supra.* Under ORS 656.005(7)(a)(A), *any* injury or condition that is not *directly* related to the industrial accident is compensable *only if* the major contributing cause is the compensable injury. Accordingly, the Board applied the correct legal standard.

Affirmed.