Argued and submitted October 30, 1992, affirmed February 3, reconsideration denied April 14, petition for review denied July 27, 1993 (317 Or 272)

In the Matter of the Compensation of
Vincent L. Kephart, Claimant.

Vincent L. KEPHART,
*Petitioner,*

*v.*

GREEN RIVER LUMBER,
Liberty Northwest Insurance Corporation,
Dillard Hass and SAIF Corporation,
*Respondents.*

(90-15053 and 90-15054; CA A74706)

846 P2d 428

Edward J. Harri, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll, Eugene.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Dillard Hass. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James D. McVittie, Portland, waived appearance for respondents Liberty Northwest Insurance Corporation and Green River Lumber.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that his injury is not compensable. We affirm.

Claimant suffered a compensable hand injury in 1982 while working for SAIF's insured, Dillard Hass. From March, 1990, to May 9, 1990, claimant participated in an authorized training program as a long haul truck driver. He injured his shoulder while on a job trial with Green River Lumber as a part of his vocational rehabilitation. SAIF denied the claim. The Board upheld the denial on the ground that, under ORS 656.005(7)(a)(A), the shoulder injury is a consequence of the compensable hand injury and claimant has not established that the hand injury is the major contributing cause of the shoulder injury.

Claimant contends that the shoulder injury is compensable, because it occurred in the course of an authorized training program. Under our decision in *Wood v. SAIF*, 30 Or App 1103, 1106, 569 P2d 648 (1977), he would be correct:

"The Workers' Compensation Act * * * contemplates [that] the worker is to receive all benefits for an injury including vocational rehabilitation designed to restore the injured worker to full employability. *See* ORS 656.268(1). The vocational rehabilitation benefits are as much a part of the injured worker's entitlement under the Act as medical treatment for the injury. It follows [that] the vocational retraining in which claimant was involved when he sustained the new injury is a natural and direct consequence of the primary injury."

In 1990, the legislature amended ORS 656.005 (7)(a)(A) to provide:

"A 'compensable injury' is an accidental injury or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) *No injury or disease is compensable as a consequence of a compensable injury unless the compensable*

*injury is the major contributing cause of the consequential condition."* (Emphasis supplied.)

In *Albany General Hospital v. Gasperino*, 113 Or App 411, 414, 833 P2d 1292 (1992), we said:

"[T]he major contributing cause standard of ORS 656.005(7)(a)(A) was not intended to supplant the material contributing cause test for every industrial injury claim. * * * The distinction is between a condition or need for treatment that is caused by the *industrial accident*, for which the material contributing cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury*. It is the latter that must meet the major contributing cause test." 113 Or App at 414. (Footnote omitted; emphasis in original.)

In *Hicks v. Spectra Physics*, 117 Or App 293, 843 P2d 1009 (1992), we held that an injury that a claimant suffers on the way to the doctor's office for treatment of a compensable injury is not compensable, unless the industrial accident is the major contributing cause of the subsequent injury. We said:

"Under ORS 656.005(7)(a)(A), *any* injury or condition that is not *directly* related to the industrial accident is compensable *only if* the major contributing cause is the compensable injury." (Emphasis in original.) 117 Or App at 297.

The injury that claimant experienced during vocational rehabilitation is not directly related to the industrial accident. Rather, he experienced it as a consequence of the industrial injury, which had necessitated vocational rehabilitation. Accordingly, under ORS 656.005(7)(a)(A), it is compensable only if the compensable injury is the major contributing cause. The Board, in affirming the referee, held that the compensable injury is not the major contributing cause of the injury that claimant suffered during vocational rehabilitation. Claimant does not dispute that determination.

Claimant would undoubtedly contend that this case is distinguishable from *Hicks*, because he was not injured while *travelling* to vocational rehabilitation, but while *participating* in it. We are not unmindful of that distinction. We conclude, nonetheless, that, as we interpreted ORS 656.005(7)(a)(A) in *Hicks*, its terms are applicable here.

Under the standard established by the statute, the injury is not compensable.

Affirmed.