Argued and submitted January 26, affirmed September 1, 1993

In the Matter of the Compensation of
David A. Pitzer, Claimant.

WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

David A. PITZER,
Reedsport Auto, Inc.,
and SAIF Corporation,
*Respondents.*

(WCB 91-04855, 91-06246; CA A74818)

858 P2d 886

John M. Pitcher, Springfield, argued the cause and filed the brief for petitioner.

Karen Werner, Eugene, argued the cause for respondent David A. Pitzer. With her on the brief was Stebbins & Coffey, North Bend.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents Reedsport Auto, Inc., and SAIF Corporation. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order that set aside its denial of claimant's claim. We affirm.

In 1985, claimant filed a claim for a back strain while working for employer. The referee concluded that claimant's work with employer over a period of years had resulted in a degenerative condition and that that condition, together with specific work activity, had resulted in a compensable condition. Employer did not appeal and the claim was closed.

In 1991, while working for another employer insured by SAIF, claimant experienced pain in his lower back and legs. The diagnosis associated his pain with the degenerative condition and, for the first time, with spinal stenosis. His treating physician recommended surgery.

Claimant then filed a claim for the current condition as well as for an aggravation, which employer denied.[1] The referee set aside the denial and the Board affirmed.[2]

Both employer and claimant agree that ORS 656.005 (7)(a) governs this case. That statute defines "compensable injury" with the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

The Board found that claimant's current condition was compensable under both ORS 656.005(7)(a)(A) and (B).

---

[1] Claimant also filed with SAIF a new injury claim, which was denied. That denial is not challenged on review.

[2] Because the Board concluded that the spinal stenosis was compensable as a current condition, it did not decide whether it was compensable as an aggravation under ORS 656.273.

We agree with the Board that the claim is compensable under ORS 656.005(7)(a)(A).

■    Under ORS 656.005(7)(a)(A), a subsequent condition is compensable if there is "a compensable injury" and that injury is "the major contributing cause of the consequential condition." *Kephart v. Green River Lumber*, 118 Or App 76, 79, 846 P2d 428 (1993); *Hicks v. Spectra Physics*, 117 Or App 293, 296, 843 P2d 1009 (1992); *Albany General Hospital v. Gasperino*, 113 Or App 411, 415, 833 P2d 1292 (1992). The Board concluded, on the basis of issue preclusion, that claimant's spinal stenosis was compensable. Employer assigns error to that ruling, arguing that the Board misapplied the doctrine of issue preclusion.

■    "Issue preclusion precludes future litigation of an issue only when the issue was actually litigated and determined in a setting where its determination was essential to the final decision." *Marshall v. Korpa*, 118 Or App 144, 147, 846 P2d 445, *rev den* 316 Or 528 (1993); *see also Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990). Employer is precluded from arguing now that claimant's degenerative disc disease is not compensable, because that issue has been litigated and determined. In 1985, claimant filed a claim with employer for low back strain. His treating physician then diagnosed it as being "related to some degeneration of the disc." Employer denied the claim, asserting that claimant's injury was not a result of his employment with employer. After a hearing, the referee set aside the denial, concluding that the degenerative disc condition was work related and therefore compensable. Employer did not appeal that order. Because the determination that the degenerative disc disease was compensable was essential to the referee's order, we agree with the Board that employer is precluded from relitigating that issue.[3]

Because there was a compensable degenerative disc disease, the question is whether that condition was the major contributing cause of claimant's spinal stenosis. The Board

---

[3] Employer also argues that the finding, contained in a 1988 order, that claimant's degenerative disc disease was compensable, was not essential, because that order merely determined the extent of claimant's permanent partial disability. We need not address that issue, because the Board did not rely on that order for the issue preclusion analysis.

found that, on the basis of medical evidence in the record, it was. Employer does not argue that that finding is not supported by substantial evidence.

Affirmed.