Argued and submitted June 22, affirmed September 7, petition for review denied
December 20, 1994 (320 Or 492)
See later issue Oregon Reports

In the Matter of the Compensation of
George Hames, Jr., Claimant.

BARRETT BUSINESS SERVICES,
*Petitioner,*

*v.*

George HAMES, Jr.,
*Respondent.*

(92-13573; CA A82521)

881 P2d 816

Jaurene R. Judy argued the cause for petitioner. With her on the brief was Terrall & Associates.

Corey B. Smith argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Employer seeks review of an order of the Workers' Compensation Board holding that claimant's ulnar nerve condition was compensable as the consequence of a compensable injury. ORS 656.005(7)(a)(A). We affirm.

Claimant suffered a compensable dislocation of his right shoulder when he fell from a ladder scaffold at work. During the course of treatment, claimant's shoulder was replaced in its joint and immobilized; that immobilization was reasonable and necessary given the nature of the injury. As a result of the dislocation and necessary immobilization, claimant developed adhesive capsulitis or "frozen shoulder." The treating orthopedic surgeon prescribed "extremely aggressive" physical therapy to treat the adhesive capsulitis and improve the range of shoulder motion. Again, that treatment was reasonable and necessary. During that therapy, which involved rigorous range of motion exercises of claimant's right shoulder and arm, claimant's right ulnar nerve was injured.[1]

Employer denied the compensability of the ulnar nerve condition, and the referee upheld that denial.[2] The referee found, based on medical testimony, that the physical therapy for the right shoulder condition was the major contributing cause of the ulnar nerve condition. The referee concluded that because the treatment, and not the compensable shoulder injury itself, was the major contributing cause, the ulnar nerve condition was not a compensable consequential condition under ORS 656.005(7)(a)(A).[3]

---

[1] There is no suggestion in this record that the degree of force used during physical therapy was excessive or inappropriate.

[2] The referee also upheld the employer's denial of claimant's claim for a mild carpal tunnel condition in his right hand. That denial is not at issue in this appeal.

[3] ORS 656.005(7)(a) reads, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

The Board, although adopting the referee's findings of fact, reversed:

"Based on the medical record, therefore, we find that the *sole* cause of claimant's need for physical therapy was the compensable shoulder injury. Because we have found that the physical therapy was the major contributing cause of the ulnar nerve condition, we conclude that the compensable shoulder injury was the major contributing cause of the ulnar nerve condition. Accordingly, the right ulnar nerve condition is compensable." (Emphasis in original; footnote omitted.)

On appeal, employer argues that there is a fundamental and irreconcilable inconsistency between: (1) the Board's finding that the *treatment* of claimant's compensable shoulder injury was the "sole" cause of his ulnar nerve condition; and (2) its conclusion that claimant's shoulder *injury* was the major contributing cause of the ulnar nerve condition. Invoking *Hicks v. Spectra Physics*, 117 Or App 293, 843 P2d 1009 (1992), and *Kephart v. Green River Lumber*, 118 Or App 76, 846 P2d 428, *rev den* 317 Or 272 (1993), employer contends that the Board erroneously equated consequences of the treatment of a compensable injury with consequences of the compensable injury itself.

■ We disagree. Where, as here, a claimant suffers a new injury as the direct result of reasonable and necessary treatment of a compensable injury, the compensable injury is the major contributing cause of the consequential condition for purposes of ORS 656.005(7)(a)(A). *Hicks v. Spectra Physics, supra,* and *Kephart v. Green River Lumber, supra,* which did not involve the direct consequences of medical treatment of a compensable injury, are materially distinguishable.

In *Hicks*, we held that where a claimant suffered injuries in an auto accident while returning from treatment for an earlier compensable injury, those new accident-related injuries were not compensable under ORS 656.005(7)(a)(A). In so holding, we reviewed the legislative history of the 1990 amendments to ORS 656.005(7)(a) and concluded that the legislature, in adopting the major contributing cause standard for consequential injuries, intended to restrict the compensability of "injuries that are the result of activities that would not have been undertaken but for the compensable

injury[.]'" 117 Or App at 296. *Accord Albany General Hospital v. Gasperino*, 113 Or App 411, 414, 833 P2d 1292 (1992) (condition that arose directly, but belatedly, from the original injury was subject to material contributing cause standard, not major contributing cause standard). We pointed, particularly, to excerpts of the legislative debate expressing a clear desire to nullify our holding in *Fenton v. SAIF*, 87 Or App 78, 741 P2d 517, *rev den* 304 Or 311 (1987), which involved facts nearly identical to those in *Hicks*:

> "We keep the standard for compensability of an industrial injury itself as whether [the] work is a material contributing cause of a given condition, but as to consequential damages we do set up a major contributing cause analysis. And what [that] means is if you have a broken arm, that's industrial. And you're crossing the street on the way to see your doctor, and the doctor's office is right over there, and you're headed across the street, and a car runs you down. Under current law, whatever happened to you in that street is included in workers' comp[ensation]. * * * [It's] considered a consequence of your industrial injury. You got hurt on the way to the doctor. Requiring major contributing cause means that no, being run down crossing the street on the way to the doctor is not covered. That's, to me, the most succinct example of the kind of change we are making there." House Special Session, May 7, 1990, Tape 2, Side A (remarks of Representative Mannix), *quoted at* 117 Or App at 296-97.[4]

In *Kephart v. Green River Lumber, supra*, we applied *Hicks'* rationale to affirm the Board's denial of compensation for a shoulder injury the claimant suffered when he fell from a truck in the course of vocational rehabilitation for a compensable hand injury. As in *Hicks*, the claimant in *Kephart* did

---

[4] The legislative history includes an even more explicit statement, albeit one not cited in *Hicks*, that ORS 656.005(7)(a)(A) was designed to legislatively overrule *Fenton v. SAIF, supra*:

"What came to mind to me as I read [ORS 656.005(7)(a)(A)] were the cases, for example, the *Fenton* case. The worker is in a car on the way to a doctor's appointment or physical therapy appointment to be treated for the compensable injury and is in a car wreck. And that was found to be compensable, because but for the fact that the worker was in that car on the way to the doctor appointment. Well, I read this section as saying no, unless the cause of that car wreck was the compensable injured knee slipped on the gas pedal or something. It would split that sort of a problem out unless the major cause for this new second condition, in effect, was the initial accepted condition." Tape recording, Special Committee on Workers' Compensation, May 3, 1990, Tape 8, Side A at 240 (comments of Constance Wold, Insurance Defense Attorney).

not argue that there was some direct or "proximate" relationship between his compensable condition and the new injury. Rather, he relied solely on pure "but for" causation — *i.e.*, but for the hand injury, he would not have been in vocational rehabilitation and, thus, would not have fallen from the truck and hurt his shoulder. We held that such "but for" causation did not render the hand injury compensable under ORS 656.005(7)(a)(A); the fall from the truck, not the compensable hand injury, was the major contributing cause of the shoulder injury.[5]

■    This case differs from *Hicks* and *Kephart* in two significant respects. First, the causal relationship between the original injury and the consequential injury here is qualitatively different from the "but for" causation in those cases. Claimant's ulnar nerve injury was not the result of some capricious intervening event; instead, it flowed directly and inexorably from the shoulder injury. The Board's findings, which are not challenged on review, establish that: Once claimant's shoulder was dislocated, it had to be immobilized; once the shoulder was immobilized, adhesive capsulitis invariably developed; once adhesive capsulitis developed, physical therapy was necessary to restore shoulder and arm movement; and once appropriate physical therapy was employed, claimant's ulnar nerve was injured. Once claimant's shoulder was hurt, there was a certain, almost tragic, inevitability to what followed. There were no careening drivers or falls from logging trucks, just the direct consequences of treatment of the compensable injury.[6]

Second, the 1990 Special Session legislative history pertaining to the compensability of medical treatment injuries is, albeit limited, very different from that underlying our analysis in *Hicks* and *Kephart*. Before 1990, we and our Supreme Court had routinely held that new injuries incurred during medical treatment of compensable injuries were

---

[5] *Kephart*, like *Hicks*, represented a reversal of pre-1990 authority. *See Wood v. SAIF*, 30 Or App 1103, 569 P2d 648 (1977), *rev den* 282 Or 189 (1978) (new injuries suffered during vocational rehabilitation training were compensable as consequence of original injury).

[6] At some level, the causation in this case is *also* "but for" causation — *i.e.*, but for the shoulder injury, claimant would not have required treatment. However, that sort of "but for" causation always exists in cases of direct or "proximate" causation.

themselves compensable. *See, e.g., Williams v. Gates, McDonald & Co.*, 300 Or 278, 709 P2d 712 (1985); *McDonough v. National Hosp. Ass'n*, 134 Or 451, 461, 294 P 351 (1930). *Accord Wood v. SAIF, supra* n 5, 30 Or App at 1108-09 (in *dicta*, reviewing medical treatment cases from other jurisdictions). It might reasonably be expected that if the legislature intended to nullify that well-established authority, the legislative history would include some discussion akin to its disapproval of *Fenton v. SAIF, supra*. But there is none. Instead, the only limited reference to medical treatment injuries in the legislative history suggests an intent to treat such injuries very differently from those suffered in *Fenton*-like "but for" causation cases:

> "This [ORS 656.005(7)(a)(A)] applies only to what are called natural consequences cases. *You trip over your crutches and you break your leg.* That's a direct and natural consequence. You develop a depression condition because you're out of work because you have a bad back. That is the main cause of your subsequent depression. But if that depression also develops at the same time you underwent a divorce or your mother died or something, unless the people that you're treating with it's the psychiatrist that say the major contributing cause was the fact you are out of work, that psych condition will not come into the workers' comp system." Tape recording, Special Committee on Workers' Compensation, May 3, 1990, Tape 8, Side B at 272 (statement of Jerry Keene, Workers' Compensation defense attorney). (Emphasis supplied.)

The "trip over your crutches" illustration is closely analogous to this case. In each instance, the claimant was injured as a direct result of pursuing a reasonable and necessary course of treatment—there, crutches; here, physical therapy—for his compensable injury. Indeed, this case is stronger than Keene's illustration because, although someone may trip over crutches for a variety of reasons, the rigorous exercising of claimant's arm and shoulder was an integral part of his treatment.

We conclude that where necessary and reasonable treatment of a compensable injury is the major contributing cause of a new injury, a distinction between the compensable injury and its treatment is artificial. In such instances, the

compensable injury itself is properly deemed the "major contributing cause of the consequential condition." ORS 656.005(7)(a)(A).

Affirmed.