Argued and submitted May 26, reversed and remanded for reconsideration on petition; affirmed on cross-petition August 9, 1995

In the Matter of the Compensation of
Ronald Zimbelman, Deceased, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner - Cross-Respondent,*

*v.*

Cheri ZIMBELMAN,
Beneficiary of
Ronald R. Zimbelman, Deceased,
*Respondent - Cross-Petitioner.*

(WCB 93-02973, 93-02972; CA A86167)

900 P2d 1089

Richard D. Barber, Jr., argued the cause for petitioner - cross-respondent. With him on the briefs was Bostwick, Sheridan & Bronstein.

James L. Edmunson argued the cause and filed the brief for respondent - cross-petitioner.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board that held that the deceased worker's (claimant) myocardial infarction, from which claimant died, is compensable. We reverse.

Claimant worked for employer for 20 years. He developed bilateral carpal tunnel syndrome and employer accepted his compensation claim for that condition. He had carpal tunnel release surgery on both wrists. After the surgery, he was released and returned to modified work. Soon thereafter, claimant developed a cervical condition. Employer denied that claim. Claimant had surgery for the cervical condition on July 27, 1992. As a result, he was temporarily totally disabled from that date until the date of his death on August 15, 1992.

After the cervical surgery, claimant became focused on his disability, the pain he had experienced when he had attempted to return to work and the denial of his cervical condition. In the two weeks preceding his death, his emotional and physical condition deteriorated, and he often stared out the window, did not sleep well and experienced indigestion and diarrhea. On August 15, he became extremely worried that he would not receive the amount of compensation to which he believed he was entitled. His compensation check arrived in the mail that day and he believed the amount of the check was not the full amount that was due. He became extremely agitated and upset. He suffered a myocardial infarction, which resulted in his death. After a hearing that was conducted after claimant died, employer accepted the claim for the cervical condition.

Claimant's beneficiary sought compensation for the myocardial infarction, claiming that it was compensable as a consequence of his compensable injuries. Employer denied the claim. The referee set aside the denial, concluding that the heart attack was a compensable consequential condition, and the Board affirmed. It held "that claimant's myocardial infarction was caused, in major part, by his emotional upset over his inability to work, his pain, and his reaction to the employer's processing of his claim, including the disputed

temporary disability check. All of these factors are sequelae of claimant's compensable injuries."

Employer seeks review, asserting that the Board erred in its application of ORS 656.005(7)(a)(A), which provides that "[n]o injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."[1] It argues that the Board failed to consider whether claimant's compensable injuries, *i.e.*, the carpal tunnel syndrome and cervical condition, were the major contributing cause of claimant's heart attack. It asserts that claimant's emotional condition, which the Board found was the major contributing cause of the heart attack, was not the compensable injury, but instead was a circumstance surrounding the injury. Accordingly, employer argues that a finding that the emotional condition was the major contributing cause of the heart attack does not establish that the heart attack is compensable as a consequential condition.

Claimant's beneficiary responds that the Board correctly considered the circumstances surrounding the compensable injuries. She relies on *Barrett Business Services v. Hames*, 130 Or App 190, 881 P2d 816, *rev den* 320 Or 492 (1994), in which we held that a nerve injury that was caused by physical therapy necessitated by a compensable shoulder injury was compensable as a consequential condition. In that case, the Board had found that the original shoulder injury was the major contributing cause of the nerve injury. We affirmed, explaining that the nerve injury "flowed directly and inexorably from the shoulder injury." *Id.* at 195. Claimant's beneficiary asserts that that case stands for the proposition that the circumstances surrounding the compensable injury can be considered part of the compensable injury for purposes of determining the major contributing cause of a consequential condition.

■ We begin with the pertinent statutory language. ORS 656.005(7)(a)(A) provides that an injury or disease that is a consequence of a compensable condition is compensable if "the compensable injury is the major contributing cause of

---

[1] Oregon Laws 1995, chapter 332 (SB 369), did not change the language of ORS 656.005(7)(a)(A), nor do we see that any of the definitional changes affect this case.

the consequential condition." The question is whether the Board erred in considering sequelae of the compensable injury as part of the compensable injury for purposes of determining whether conditions caused by the sequelae are compensable.

■      "Compensable injury" is defined by statute as "an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death * * *." ORS 656.005(7)(a). Under that definition, the compensable injury is the medical condition that results from the accidental injury and is not the aftereffects of that condition. See *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992) (distinguishing between compensable injury, which is a condition that is caused by the industrial accident, and a consequential condition, which is caused in turn by the compensable injury). Accordingly, the Board erred in treating claimant's emotional condition as part of the original compensable injuries.

Although claimant's emotional condition is not a part of the original compensable injuries, that does not necessarily preclude consideration of the emotional condition's contribution to claimant's heart attack. According to the Board's findings, the emotional condition had a relationship to the original compensable injuries: it was caused in part by claimant's emotional reaction to the pain caused by the injuries and the disability that resulted from the injuries.[2] If that emotional condition was caused in major part by the carpal tunnel syndrome and the cervical condition, the emotional condition constitutes a compensable consequential condition. Under ORS 656.005(7)(a), a compensable consequential condition is itself a compensable injury. Therefore, if the emotional condition is a compensable injury in its own right, *i.e.*, because it is a compensable consequence of the original compensable injuries, then a condition that is caused

---

[2] The Board found that claimant's emotional state was also caused in part by claimant's reaction to the processing of his claim and his belief that the amount of compensation was incorrect. A claimant's reaction to the amount of compensation and to claims processing is not caused by the compensable injury; it is caused instead by the process by which the claimant is compensated for the injury. Because those causes are collateral to the injury, they cannot be considered as caused by the compensable injury.

in major part by the compensable emotional condition may also be compensable as a consequential condition.

This case differs from *Barrett Business Services*, on which claimant relies. In that case, the Board found that the claimant's nerve damage was caused in major part by the original compensable injury, because it was a result of medical treatment necessitated by the compensable shoulder injury. The Board found that the medical treatment was caused solely by the compensable injury, and that the medical treatment was the major contributing cause of the nerve condition. Here, the Board never found that the original compensable injury was the major contributing cause of the heart attack; it instead found that the emotional condition was the major cause. Contrary to the facts in *Barrett Business Services*, here there is no argument that the sole causes of claimant's emotional condition were the compensable injuries.

In this case, if the emotional condition is a compensable injury because it is a compensable consequence of the carpal tunnel syndrome and the cervical condition, and if the heart attack was caused in major part by the emotional condition, then the heart attack is compensable under ORS 656.005(7)(a)(A). Because the Board failed to consider whether the emotional condition was caused in major part by the carpal tunnel syndrome and the cervical condition, we remand for reconsideration.

Because of our disposition of employer's petition, we need not address claimant's beneficiary's cross-petition.

On petition, reversed and remanded for reconsideration; affirmed on cross-petition.