Argued and submitted November 18, 1996, affirmed March 5, 1997

In the Matter of the Compensation of
Bobby Williams, Claimant.

Bobby WILLIAMS,
*Petitioner,*

*v.*

WEST COAST GROCERY,
*Respondent.*

(WCB 94-10536; CA A92578)

934 P2d 605

Dennis O'Malley argued the cause and filed the brief for appellant.

Travis L. Terrall argued the cause for respondent. With him on the brief was Terrall & Associates.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this workers' compensation case, claimant seeks review of an order of the Workers' Compensation Board denying him compensation for medical services associated with a herniated disc. We affirm.

In the early 1980's, claimant was employed as a warehouseman by West Coast Grocery. His job required that he lift and stack cases of grocery products. He sustained compensable shoulder and low back injuries in June 1983 and March and May 1984. The claim was closed in 1988 and claimant was awarded 30 percent unscheduled permanent partial disability. The notice of closure anticipated that claimant would experience waxing and waning of his symptoms.

In 1992, claimant sought treatment for low back pain. An MRI scan revealed a disc bulge that was diagnosed as a herniated disc. Claimant's treating physician, Dr. Stevens, concluded that the herniated disc was causally linked to his on-the-job injuries. Claimant submitted a claim for medical services with employer for his herniated disc. At the employer's request, claimant was examined by a panel of medical consultants who concluded that claimant's condition was not the result of his earlier on-the-job injuries but, instead, was the result of a naturally occurring degenerative process. On the strength of that medical examination, employer denied the claim. Claimant later had surgery on his lumbar spine in 1994.

Claimant challenged employer's denial. The administrative law judge (ALJ) adopted Stevens' conclusion that claimant's compensable injuries "remain a material cause of his 1994 disability and need for treatment" and set aside the denial.

On review, the Board reversed. Looking at the evidence, the Board first found that claimant's herniated disc was not directly caused by his earlier on-the-job injuries but that it was a consequential condition:

"Our first task is to ascertain the correct legal standard. One option is ORS 656.005(7)(a)(B) [the combined condition

statute]. There is, however, no persuasive evidence that claimant had any low back condition that preexisted his 1983-84 work injuries or that any such condition combined with those injuries to result in this current disability or need for treatment. * * *

"Another option is ORS 656.005(7)(a). In view of the series of intervening events that resulted in low back pain between 1984 and the present and Dr. Stevens' conclusion regarding the progressive nature of claimant's low back condition, we find that there is insufficient evidence to establish that claimant's current low back condition was the direct result of his work injuries over a decade ago. * * *

"That leaves ORS 656.005(7)(a)(A), the consequential condition statute." (Footnote omitted.)

The Board concluded that the consequential condition statute, ORS 656.005(7)(a)(A),[1] applied and held that claimant had failed to carry his burden of proof in showing that his earlier on-the-job injuries were the "major contributing cause" of the condition for which he sought medical treatment.

On judicial review, claimant assigns error to the Board's order on two grounds: (1) The board erred in holding claimant to the "major contributing cause" standard regarding the burden of proof concerning causation and should have applied the "material contributing cause"[2] standard because his current condition was caused directly, although belatedly, by his on-the-job injury, *see Albany General Hospital v.*

---

[1] ORS 656.005(7)(a)(A) provides:

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

[2] ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings * * *."

ORS 656.245(1) provides, in part:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires * * *."

*Gasperino*, 113 Or App 411, 833 P2d 1292 (1992); and (2) that the Board erred in rejecting his treating physician's evidence. Employer responds that the Board's analysis is correct.

This case turns on the efficacy of claimant's evidence, which consisted solely of the opinion and conclusions of his treating physician, whose opinion was that the 1983-84 injuries were a material cause of claimant's need for treatment.

The Board articulated reasons for finding that Stevens' reasoning and conclusions were unpersuasive.[3] The other medical examiners found that claimant's current need for treatment was unrelated to his on-the-job injury and that it was the result of a naturally occurring degenerative process. In short, the Board's finding that claimant did not prove that his work was even a material contributing cause of his current need for treatment is supported by substantial evidence.

We therefore need not address claimant's other assignment of error.

Affirmed.

---

[3] The Board pointed to "the series of intervening events [chopping wood, lifting weights and helping a friend move] that resulted in [claimant experiencing] low back pain between 1984 and present" and claimant's treating physician's conclusion "regarding the progressive nature of claimant's low back condition" as evidence that claimant's condition was not directly caused by his on-the-job injuries.