Argued and submitted June 15, affirmed September 1, 2010

In the Matter of the Compensation of
William T. Pepperling, Claimant.

SAIF CORPORATION
and All Seasons Heating & A/C,
*Petitioners,*

*v.*

William T. PEPPERLING,
*Respondent.*

Workers' Compensation Board
0802264; A141905

238 P3d 1013

Julene M. Quinn argued the cause and filed the brief for petitioners.

Heather Holt argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

SAIF seeks review of an order of the Workers' Compensation Board on reconsideration setting aside SAIF's denial of claimant's new or omitted medical condition claim for an infection of his finger diagnosed as methicillin resistant staphylococcus aureus (MRSA). SAIF asserts that the claim should be analyzed as a consequential condition, to which the major contributing cause standard of proof applies, ORS 656.005(7)(a)(A), and contends that the board erred in applying the material contributing cause standard of proof and in determining that the condition is compensable. We conclude that the board did not err, and we affirm.

Claimant cut his finger on a piece of sheet metal at work. Several days thereafter, he developed an infection that doctors diagnosed as MRSA. Dr. Girod conducted an examination for SAIF and traced the infection to bacteria on claimant's skin at the time of the laceration. He opined that the laceration "provided a portal of entry for the organism to penetrate into the underlying subcutaneous tissues." In written responses to questions by SAIF, Girod explained:

> "[Claimant] probably had the [MRSA] organism on his skin and in his nose. The organism did not cause a problem until he had a laceration which provided a portal of entry for the organism to penetrate into the underlying subcutaneous tissues. The skin is an important protective barrier so that we do not get infected. This barrier is disrupted when there is a laceration.
>
> "* * * * *
>
> "* * * The laceration simply provided a portal of entry for infection. The preexisting organism on the skin was able to penetrate into the subcutaneous tissues because of the work injury. It is extremely unlikely that MRSA would be present on sheet metal. * * *
>
> "* * * * *
>
> "The incident at work broke the protective barrier of skin. This allowed the MRSA which was present on the surface of the skin to enter the subcutaneous tissues. Had the laceration not occurred the infection would not have happened. If he did not have MRSA on his skin, the infection would probably not have happened."

Girod was asked to explain, within reasonable medical probability, what was the "major cause" of claimant's infection. He stated:

> "[Claimant] needed both the presence of MRSA on the skin and the laceration to produce the infection. Since both are required I would conclude the laceration and the colonization state are equally important in producing the infection[.]"

Thus, in Girod's opinion, the MRSA and the laceration were equal causes of claimant's infection.

Claimant filed a claim for the cut, which SAIF accepted. He filed a new or omitted condition claim for the infection, which SAIF denied, asserting that the infection was a consequential condition and that the workplace accident was not its major contributing cause, as required by ORS 656.005(7)(a)(A).

Claimant requested a hearing, asserting that the infection arose directly from the industrial accident, rather than as a consequence of the injury, and that the evidence established that the industrial accident was a material contributing cause of the need for treatment. SAIF did not dispute that the medical evidence established that the industrial accident was a material contributing cause of the need for treatment of the MRSA, but contended that the infection was a consequence of the compensable injury, rather than the industrial accident, and for that reason should be treated as a consequential condition to which the higher, major contributing cause standard of proof applies.

The ALJ and the board agreed with claimant. Citing *Fred Meyer, Inc. v. Crompton*, 150 Or App 531, 946 P2d 1171 (1997), and *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992), the board explained that, when a condition arises directly from the occupational accident, the material contributing cause standard applies. In the board's view, the medical evidence supported the finding that the MRSA infection was a direct result of the occupational accident and not the result of a "subsequent and superseding event." Specifically, the board relied on portions of

Girod's opinion describing the mechanism and origin of the infection.

The board interpreted Girod's explanation to mean that the MRSA bacteria existed on claimant's skin before the injury, that the "work incident laceration," *i.e.*, the industrial accident, provided a portal of entry, and that the infection arose directly from the industrial accident rather than from the compensable injury it caused. The board concluded for that reason that the record did not establish that the MRSA was a consequential condition. The board held, further, that the compensability of the condition had been established under the material contributing cause standard.

SAIF requested reconsideration, arguing that the board erred in failing to analyze the claim as a consequential condition and in misinterpreting Girod's opinion. The board adhered to its initial decision. In its order on reconsideration, the board emphasized that a consequential condition is not a condition that arises directly, even if belatedly, from an industrial accident. The board stated that, under *Gasperino*,

> "we must look to the relationship between the claimed condition and the industrial accident, not just the chronology of events. In so doing, we evaluate the medical opinions regarding that relationship. If the record preponderates that the claimed infection arose directly, albeit belatedly, from the workplace accident, there is no 'consequential condition.'

> "Here, the persuasive medical evidence establishes that the MRSA infection arose directly from the workplace accident. * * * Dr. Girod's opinion supports a causal relationship theory that the MRSA infection arose directly from the workplace accident, and was not a separate condition that arose independently from the compensable laceration."

On review, SAIF continues to assert that claimant's MRSA is properly treated as a consequential condition. SAIF contends that the board misread Girod's opinion as supporting a finding that the infection arose directly from the industrial accident. According to SAIF, Girod did not actually say that the infection was caused directly by the industrial accident. Rather, SAIF contends, Girod expressed the view that

the "laceration" provided a place of entry for the MRSA bacteria that were on claimant's skin. In SAIF's view, that circumstance describes a "consequential condition," because the industrial accident did not give rise to the infection; rather, it was the skin wound that made the infection possible because of the presence of the MRSA bacteria on the skin.

In claimant's view, substantial evidence—specifically Girod's report—supports the board's finding that claimant developed a skin infection "[a]s a primary consequence of the industrial accident." There was no "subsequent or superseding event[.]" Therefore, claimant contends, the board correctly held that the major contributing cause standard of proof applicable to consequential conditions does not apply.

ORS 656.005(7)(a)(A) provides, in part, that

> "[n]o injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

In *Gasperino*, we attempted to resolve what we described as the statute's ambiguous reference to "consequence" of a compensable injury and answer the question of whether, in enacting ORS 656.005(7)(a)(A), the legislature intended to affect the standard of compensability for conditions "that arose directly, although belatedly, from the underlying industrial accident." We explained,

> "[t]he distinction is between a condition or need for treatment that is caused by the *industrial accident*, for which the material contribution cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury*. It is the latter that must meet the major contributing cause test."

113 Or App at 415 (emphasis in original).

Thus, when the board determined that "the persuasive medical evidence establishes that the MRSA infection arose directly from the workplace accident," it applied the proper test, as set out in *Gasperino*. The question remains whether the board's characterization of the medical evidence as establishing such a direct connection is accurate. In

reviewing the board's evaluation of Girod's opinion, we do not substitute our judgment for that of the board; rather, we determine whether the board's evaluation of that evidence was reasonable. *Asten-Hill Co. v. Armstrong*, 100 Or App 559, 562-63, 787 P2d 890 (1990).

We have examined the medical record in light of that standard of review and conclude that the board's evaluation of it is reasonable. Girod stated, "The incident at work broke the protective barrier of skin. This allowed the MRSA which was present on the surface of the skin to enter the subcutaneous tissues." It is reasonable to read that as essentially stating that claimant's infection was a direct result of the incident at work.

SAIF's argument to the contrary is unpersuasive. According to SAIF, if the medical evidence in this case had shown that the sheet metal that cut claimant had itself actually forced bacteria into the incision, producing an infection, that evidence would satisfy the direct connection requirement of *Gasperino*. But, argues SAIF, if the sheet metal merely created an incision into which the bacteria by itself—even if instantly—made its way into that incision, that would not be sufficiently direct. Based on the medical evidence, that subtle distinction is not one that the board was compelled to adopt. We conclude that the board's finding that claimant's MRSA infection was caused directly by his industrial accident is supported by substantial evidence.

Affirmed.