In the Matter of the Compensation of
Sam D. Ferguson, Claimant.
ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Sam D. FERGUSON,
*Respondent.*

(WCB 91-01766; CA A73719)

845 P2d 930

Adam T. Stamper, Medford, argued the cause for petitioner. With him on the brief was Cowling & Heysell, Medford.

David Morrison, Roseburg, argued the cause for respondent. With him on the brief was Aller & Morrison, Roseburg.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

**ROSSMAN, P. J.**

Employer seeks review of an order of the Workers' Compensation Board holding that emergency room treatment of claimant's surgical incision resulting from compensable carpal tunnel surgery is compensable.

Activities of claimant's employment caused carpal tunnel syndrome, which employer accepted as compensable and for which claimant received surgery. One week after the carpal tunnel surgery, claimant fell at home and his sutures came out. He went to the emergency room for repair of the sutures. Employer refused to pay the emergency room bill, contending that the fall at home, rather than the compensable carpal tunnel syndrome, was the major contributing cause of the need for treatment.

■ ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

Employer argues that the emergency treatment must be considered under ORS 656.005(7)(a)(A) as a "consequence of a compensable injury," and that it is not compensable unless the carpal tunnel syndrome is the major contributing cause of the need for emergency room care.

The Board reasoned that the fall at home did not give rise to a new "injury," as such, and that the provisions of ORS 656.005(7)(a)(A) therefore are not applicable. It held that the services are properly characterized as medical services "for conditions resulting from the injury" under ORS 656.245, and that claimant established compensability by showing that the emergency care bears a material relationship to the healing of the compensable carpal tunnel surgery. We agree.

■     When claimant fell at home and damaged his sutures, he suffered no new "injury" or condition different from the carpal tunnel syndrome. The emergency room treatment necessary to resuture the wound is compensable under ORS 656.245 as continued medical treatment bearing a material relationship to the compensable carpal tunnel syndrome.

Affirmed.