Argued and submitted September 10, reversed and remanded for reconsideration
November 17, 1993, reconsideration denied February 9, petition for review denied
March 22, 1994 (318 Or 478)

In the Matter of the Compensation of
Donald E. Beck, Claimant.

Donald E. BECK,
*Petitioner,*

*v.*

JAMES RIVER CORPORATION,
*Respondent.*

(WCB 91-01904; CA A78680)

863 P2d 526

Edward J. Harri argued the cause for petitioner. With him on the brief were Stanley Fields and Law Office of Michael B. Dye.

Marjie G. Masters argued the cause for respondent. With her on the brief were John L. Klor and Wallace & Klor, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of a Workers' Compensation Board order that upheld employer's denial of claimant's need for medical treatment. We reverse.

Claimant suffered a noncompensable left shoulder injury in 1983. In 1986, he compensably injured the same shoulder and received a permanent partial disability award for that injury. In 1991, claimant received a diagnostic EMG for treatment of an unrelated neck condition. The EMG procedure caused violent muscle contractions in the left shoulder and resulted in a need for medical treatment. Claimant sought payment for the medical treatment of the shoulder.[1] Employer denied that that medical treatment was compensable. The referee and the Board agreed.

The issue is what standard applies to determine the compensability of the medical treatment claim. Claimant argues that the claim is for medical services resulting from the compensable injury under ORS 656.245(1), and that the treatment is compensable if it was caused in material part by the compensable shoulder injury.[2] Employer argues that this claim for medical services under ORS 656.245 is subject to the major contributing cause standard of ORS 656.005(7)(a)(B).[3] We agree with claimant that the material contributing cause standard applies, and disagree with employer that ORS 656.005(7)(a) applies to claims under ORS 656.245 for continued medical treatment for a compensable injury.

---

[1] We understand that claimant is seeking review only of the denial of compensability of the need for medical treatment of the left shoulder following the 1991 EMG and not of any other medical treatment.

[2] Claimant argued to the Board in the alternative that the claim was for an aggravation of the compensable injury under ORS 656.273. The Board concluded that this was not a claim for an aggravation, and claimant does not challenge that determination on review.

[3] ORS 656.005 provides, in part:

"(7)(a) A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; * * * subject to the following limitations:

"* * * * *

"(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

The Board held that the claim for medical services under ORS 656.245 is subject to ORS 656.005(7)(a)(A), which provides:

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

Following *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992), it concluded that claimant's need for treatment was not caused directly by the 1986 industrial accident and, therefore, claimant must show that the compensable shoulder injury was the major contributing cause of the need for treatment. Because claimant had not shown that, it held that the medical services claim was not compensable. The Board did not address employer's argument under ORS 656.005(7)(a)(B).

■     The Board erred. Medical services "for conditions resulting from the injury" are compensable if the need for treatment bears a material relationship to the compensable condition. ORS 656.245. In *Roseburg Forest Products v. Ferguson*, 117 Or App 601, 845 P2d 930, *rev den* 316 Or 528 (1993), we held that ORS 656.245, rather than ORS 656.005(7)(a)(A), applied to a determination of compensability of a need for resuturing a surgical wound that was originally sutured as treatment for a compensable condition. The claimant had fallen at home following the surgery, causing the sutures to come out. We concluded that the resuturing of the wound was compensable, because it was materially related to the compensable condition. We agreed with the Board that ORS 656.005(7)(a)(A) did not apply, because the fall at home had not given rise to a new injury, and therefore the resuturing was properly characterized as a condition resulting from the injury under ORS 656.245. That treatment was compensable as "continued medical treatment bearing a material relationship to the compensable carpal tunnel syndrome." 117 Or App at 604.

■     The same is true here. Employer does not argue that the EMG caused a new injury, and claimant does not seek compensation for a new injury or condition. The EMG merely caused a need for further treatment of the compensable shoulder condition.

The Board's attempt to distinguish *Ferguson* fails. It said:

> "In *Ferguson*, the court found that emergency room treatment was compensable under ORS 656.245 as continued medical treatment bearing a material relationship to a compensable carpal tunnel syndrome (CTS) condition. However, there, the claimant had fallen at home following a compensable CTS surgery and required emergency room treatment to resuture his surgical wound. Here, the diagnostic EMG, unlike the CTS surgery and resuturing in *Ferguson*, was unrelated to claimant's compensable condition."

The Board made the wrong analogy. The diagnostic EMG in this case is analogous to the noncompensable fall at home in *Ferguson*. Both were unrelated events that intervened to require further treatment *of the compensable condition*. The medical treatment for claimant's shoulder condition is analogous to the resuturing in *Ferguson*. Just as that resuturing was necessary to repair damage to the claimant's compensable condition in *Ferguson*, here claimant needed medical treatment to repair damage that the EMG had caused to his compensable shoulder condition. That treatment is compensable if it is materially related to the compensable condition.

■ The Board's reliance on ORS 656.005(7)(a)(A) and employer's reliance on ORS 656.005(7)(a)(B) is misplaced. ORS 656.005(7)(a), which defines a compensable injury, applies to initial determinations of compensability of a condition, *i.e.* to claims for new injuries or conditions different from an already accepted claim. *Accord Roseburg Forest Products v. Ferguson, supra*; *c.f. SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993); *Weyerhaeuser Co. v. Pitzer*, 123 Or App 1, 858 P2d 886 (1993); *Tektronix, Inc. v. Nazari*, 120 Or App 590, 853 P2d 315, *rev den* 318 Or 27 (1993). It does not apply to a claim for continued medical treatment of a compensable condition under ORS 656.245(1). Because the Board applied the wrong legal standard, we remand for it to consider whether the need for medical services bears a material relationship to the compensable injury.

Reversed and remanded for reconsideration.