In the Matter of the Compensation of
David D. Allen, Claimant.

David D. ALLEN,
*Petitioner,*

*v.*

BOHEMIA, INC.
and Gold Beach Plywood
and Liberty Northwest Insurance Corporation,
*Respondents.*

(88-18698, 88-18699; CA A72536)

864 P2d 1365

Robert Wollheim argued the cause for petitioner. With him on the brief was Welch, Bruun & Green.

David O. Wilson argued the cause for respondents Bohemia, Inc. and Liberty Northwest Insurance Corporation. With him on the brief was Employers Defense Counsel.

M. Kathryn Olney, Senior Trial Counsel, argued the cause for respondents Gold Beach Plywood and Liberty Northwest Insurance Corporation. With her on the brief was Liberty Northwest Insurance Corporation.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board. The Board held that employer Bohemia, Inc. (Bohemia) did not accept compensability of a claim when it requested designation of a paying agent pursuant to ORS 656.307 and, therefore, its subsequent denial did not constitute an impermissible backup denial. We affirm.

Claimant compensably injured his back in March, 1985, while working for Bohemia, which was insured by Liberty Northwest Insurance Corporation (Liberty Northwest). The claim was closed in November, 1985, with an award of temporary disability. Claimant sought treatment for back pain in November, 1987, and became medically stationary in May, 1988. He saw his chiropractor once in June and once in July. In July, after a pre-employment physical, claimant began working for Gold Beach Plywood, which is also insured by Liberty Northwest.

Claimant received routine manipulations by his treating chiropractor on September 2 and 6. On September 7, claimant argued with his stepmother over her request that he pay rent. On the same day, claimant scheduled an appointment with Gold Beach Plywood's physician for back and personal problems, and he saw the physician the next day. On September 9, claimant completed his work shift. That was his last day at work.

Claimant received treatment for back pain from his chiropractor on September 13. On September 27, the chiropractor filed a report with Bohemia, stating that claimant had suffered a flare up of his 1985 injury, and that he was unable to work.

On October 12, Bohemia issued a denial of claimant's aggravation claim. On the same day, Bohemia said that it denied responsibility only,[1] and requested a determination,

---

[1] The denial letter said:

"The medical evidence seems to support that you did, in fact sustain a new injury on September 8, 1988, while in the employment of Gold Beach Plywood. Therefore, your claim for aggravation is being denied."

The subsequent letter said:

"Our records indicate your current condition may be the result of an industrial injury on September 8, 1988 at Gold Beach Plywood who was insured by Liberty

pursuant to ORS 656.307 of responsibility for payment.[2] On October 18, claimant filed a new injury claim with Gold Beach Plywood alleging a new injury on September 1. Gold Beach Plywood denied compensability and responsibility on October 26. An order under ORS 656.307 never issued, because Gold Beach Plywood denied compensability. At the hearing on May 25, 1989, Bohemia orally denied compensability of the aggravation claim.

Claimant argues that, by denying only responsibility and requesting an order under ORS 656.307, Bohemia conceded the compensability of his aggravation claim. He contends that Bohemia's *oral* denial violated ORS 656.262 (*since amended by* Or Laws 1990 (Special Session), ch 2, § 15)[3] and constituted an impermissible backup denial. *See Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983).

Bohemia denied claimant's aggravation claim in writing, within 60 days, and therefore complied with ORS 656.262(6). Although Bohemia clarified its denial to include responsibility only, it never paid or agreed to pay compensation. At all times, responsibility remained at issue and claimant's claim was in denied status.

---

Northwest Insurance. Because we feel your current condition is related to that injury on October 12, 1988, we are issuing a denial of *responsibility* only for your present condition. * * * We do feel your condition is work related but it is the responsibility of Gold Beach Plywood." (Emphasis in original.)

Bohemia's concession that claimant's condition is work related does not alter the denial of the claim.

[2] ORS 656.307(1) provides:

"Where there is an issue regarding:

"* * * * *

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; * * *

"(d) * * * the director shall, by order, designate who shall pay the claim, if the employers and insurers admit that the claim is otherwise compensable. Payments shall begin in any event as provided in ORS 656.262(4)."

[3] ORS 656.262(6) provided, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim."

Bohemia's denial is not a backup denial prohibited by *Bauman v. SAIF, supra.*[4] In *Bauman*, SAIF *accepted* a claim and paid medical benefits for three years. When the claimant attempted to reopen the claim for an aggravation, SAIF denied compensability of the original claim. The Supreme Court held that SAIF could not deny compensability:

"The insurer or self-insured employer is not at liberty to accept a claim, make payments over an extended period of time, place the compensability in a holding pattern and then, as an afterthought, decide to litigate the issue of compensability." 295 Or at 794.

The court based its holding on three policy concerns: retrospective denials add instability to the system, proof problems may result from the passage of time, and speedy and final resolution of claims is important to the system. 295 Or at 793; *Jeld-Wen, Inc. v. McGehee*, 72 Or App 12, 14, 695 P2d 92, *rev den* 299 Or 203 (1985). Those concerns are not present here. Bohemia did not accept the claim. *Bauman* only applies to a claim specifically or officially accepted by the insurer. *Johnson v. Spectra Physics*, 303 Or 49, 55, 733 P2d 1367 (1987). The Board did not err in concluding that *Bauman* does not bar Bohemia's denial.

Claimant also argues that the Board's conclusions regarding the medical evidence do not follow from its findings. Claimant contends that the medical evidence requires that the Board find either an aggravation or a new injury. The medical opinion the Board relied on was equivocal as to a new injury. Substantial evidence supports the Board's findings that claimant did not suffer an aggravation of an earlier compensable injury or a new injury. ORS 656.295(5). The Board's conclusion is rationally related to those findings.

Affirmed.

---

[4] Effective July 1, 1990, the legislature amended ORS 656.262 to allow backup denials in certain circumstances. Or Laws 1990 (Special Session), ch 2, § 15. The amendment was intended to modify the holding in *Bauman v. SAIF, supra. CNA Ins. Co. v. Magnuson*, 119 Or App 282, 285, 850 P2d 396 (1993). The amendment does not apply to this case.