In the Matter of the Compensation of
Ronnie E. Taylor, Claimant.

Ronnie E. TAYLOR,
*Petitioner,*

*v.*

MASONRY BUILDERS, INC.,
SAIF Corporation, Schouten & Sears and EBI Companies,
*Respondents.*

(91-08984, 91-03910, 91-03909,
91-08983, 91-08982; CA A80088)

872 P2d 442

Michael A. Gilbertson argued the cause and filed the brief for petitioner.

Michael O. Whitty, Assistant Attorney General, argued the cause for respondents Masonry Builders, Inc., and SAIF Corporation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Randy G. Rice argued the cause and filed the brief for respondents Schouten & Sears and EBI Companies.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Claimant seeks review of a Workers' Compensation Board order on reconsideration holding that SAIF Corporation never accepted claimant's claim and therefore is not required by ORS 656.262(6) to prove by clear and convincing evidence that claimant's injury is not compensable. We affirm.

Claimant first suffered a back injury in July, 1979, while employed by EBI's insured. He was awarded 25 percent unscheduled permanent partial disability for that injury. In 1990, the Board denied his request for back surgery on the ground that he had lied about the extent of his 1979 injuries.

Later in November, 1990, while working for SAIF"s insured, claimant allegedly injured his back while dismantling a scaffold. He filed a claim in December, 1990. On March 26, 1991, SAIF sent claimant a letter captioned, "DISCLAIMER OF RESPONSIBILITY AND CLAIM DENIAL":

> "SAIF Corporation disclaims responsibility for your condition(s) diagnosed as low back strain superimposed on preexisting degenerative changes, lumbar spine.
>
> "It is our contention that your condition may be the result of your employment with Schouten and Sears and this is an aggravation of your claim C-8106747-4 with E.B.I. company (Orion Group). We suggest you file an aggravation claim with them.
>
> "SAIF Corporation has not requested the appointment of a paying agent pursuant to ORS 656.307.
>
> "THIS IS A DENIAL OF YOUR CLAIM FOR BENEFITS. IF YOU THINK THIS DENIAL IS NOT RIGHT, YOU MUST DO TWO THINGS TO PROTECT YOUR RIGHTS * * *."

On April 1, 1991, claimant requested a hearing "for an aggravation or a new injury depending upon how the medical evidence develops." He also requested that the Compliance Section of the Workers' Compensation Division issue an order designating a paying agent pursuant to ORS 656.307. That statute provides, in part:

> "(1)   Where there is an issue regarding:
>
> "* * * * *

"(c)    Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries * * *

"* * * * *

"the director shall, by order, designate who shall pay the claim, if the employers and insurers admit that the claim is otherwise compensable."

On April 19, 1991, the Compliance Section sent notices to SAIF and EBI informing them of claimant's request that an order issue under ORS 656.307. The notice stated, in part:

"In order to make a decision and process the request to designate a paying agent, Compliance requires answers to the following questions:

"(1)    Is claimant's condition work-related?

"(2)    Is responsibility between insurers or employers the only issue?

"(3)    What is the current status of the claim?

"(4)    If a denial has been issued, what is its intent?"

Both insurers responded that claimant's condition was work related, that the only issue was responsibility, that the claim was in denied status, and that the intent of denial was to deny responsibility.

The hearing requested by claimant convened on June 27, 1991, at which time SAIF orally denied the compensability of claimant's claim. Following a lengthy discussion off the record, the hearing was postponed.

Also on June 27, 1991, but unknown to the parties at the time of the hearing, the Compliance Section issued the order under ORS 656.307, designating EBI as the paying agent and containing the statement, "Each insurer agrees responsibility is the only issue."

At the continued hearing on January 10, 1992, counsel for SAIF contended that he did not know that an order had been issued under ORS 656.307 until informed by claimant's counsel just before the hearing. He said:

"It's our position that [the order] was a mistake. At the last hearing I went on the record and said our position all along has been that compensability is at issue. If we did anything to

indicate that to the contrary, that was a mistake, and if I need to, I'll clarify that we still think compensability is at issue and I'll orally issue such a denial here today."

The SAIF claims adjustor who processed claimant's claim also testified that she had made a mistake when she responded to the Compliance Section's inquiry "[b]y saying that responsibility was the only issue when it was compensability and responsibility."

The referee held that SAIF's denial of compensability at the June 27, 1991, hearing was a "backup" denial and that, under ORS 656.262(6), the burden therefore shifted to SAIF to prove by clear and convincing evidence that its initial denial of responsibility only was an error. Further, the referee held that SAIF had satisfied that burden and had proven that claimant's claim was not compensable because it was fraudulent.

A divided Board affirmed the referee, but on different grounds. A plurality of the Board held that acquiescence to the issuance of an order under ORS 656.307 does not constitute an acceptance of a claim, that SAIF was not precluded from denying compensability, that SAIF did not have the burden of proof in the matter, and that claimant had failed to carry the burden in proving that his back injury was causally related to his work activities. In its order on reconsideration, the Board reaffirmed that "SAIF never accepted claimant's injury claim."

On review, claimant contends that the Board's order is contrary to ORS 656.262(6), which provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim. However, if the insurer or self-insured employer *accepts a claim* in good faith but later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim, the insurer or self-insured employer, at any time up to two years from the date of *claim acceptance*, may revoke the claim acceptance and issue a formal notice of claim denial. However, if the worker requests a hearing on such denial, the insurer or self-insured employer must prove by clear and convincing evidence that the claim is not compensable or that

the paying agent is not responsible for the claim." (Emphasis supplied.)

Claimant asks us to hold as a matter of law that, when an insurer acquiesces to the designation of a paying agent pursuant to an order under ORS 656.307, it has accepted the claim. Therefore, he argues, a subsequent denial of compensability is a "backup denial" under ORS 656.262(6) and shifts to the insurer the burden of proving by clear and convincing evidence that a claimant's injury is not compensable.

Whether a claim has been accepted is a question of fact. *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992). We review findings for substantial evidence. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). Substantial evidence exists to support a finding when the record, viewed as a whole, would permit a reasonable person to make that finding. ORS 183.482(8)(c).

Substantial evidence supports the Board's finding that SAIF never accepted claimant's claim. SAIF's March 26, 1991, letter was captioned in bold print, "DISCLAIMER OF RESPONSIBILITY AND CLAIM DENIAL." The phrase, "this is a denial of your claim for benefits," also appeared in bold print at the bottom of the letter. At the June 27, 1991, hearing, SAIF's counsel orally denied compensability, thus contending that the claim was denied on grounds of both compensability and responsibility. In response to the Compliance Section's inquiry about the status of the claim, both SAIF and EBI responded that it was denied. Even if we were to hold that SAIF is bound by its concession of compensability reflected in the order issued under ORS 656.307, that concession would not alter the fact that SAIF never accepted the claim. The claim was always in denied status, and therefore ORS 656.262(6) does not apply. *See Allen v. Bohemia, Inc.*, 125 Or App 205, 208, 864 P2d 1365 (1993). The Board did not err in holding that claimant had the burden to establish the compensability of his claim, and substantial evidence supports the Board's findings that claimant's injury is not causally related to his employment.

Affirmed.