Argued and submitted March 29, 1994, reversed and remanded for reconsideration
January 25, 1995

In the Matter of the Compensation of
Gloria T. Olson, Claimant.

Gloria T. OLSON,
*Petitioner,*

*v.*

SAFEWAY STORES, INC.,
*Respondent.*

(91-16193; CA A78382)

888 P2d 1084

Mike Stebbins argued the cause for petitioner. On the briefs were Karen M. Werner and Stebbins and Coffey.

Kenneth Kleinsmith argued the cause for respondent. With him on the briefs was Meyers & Radler.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

### WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed employer's denial of her claims for aggravation and medical services. We reverse.

Claimant injured her right shoulder at work in 1988. She filed a claim for right shoulder strain. Employer never issued a written notice of acceptance as provided in ORS 656.262(6), but paid benefits for the shoulder injury. Before the claim was closed, claimant was diagnosed with tendinitis and, later, with a degenerative shoulder condition. Employer paid for surgery to treat the degenerative condition. In 1989, the claim was closed by a determination order, which awarded temporary disability and unscheduled permanent partial disability (PPD). A second determination order was issued two months later, decreasing the award of permanent disability. Claimant requested a hearing on both orders. In 1990, the parties settled that dispute by entering into a stipulation and order in which the parties agreed that claimant was entitled to receive additional compensation for her shoulder condition.

In 1991, claimant's shoulder condition worsened, and it was learned that she had a rotator cuff tear. She requested authorization for surgery to repair that condition, which employer denied. In November, 1991, employer denied her aggravation claim and her medical services claim. The Board affirmed, holding that the worsening of her shoulder condition and the need for medical treatment were caused in major part by her preexisting degenerative shoulder condition, not by her accepted condition, which was shoulder strain, and therefore was not compensable.

Claimant first assigns error to the Board's finding that employer accepted only the right shoulder strain and not the degenerative shoulder condition. She argues that employer's conduct constituted acceptance of the degenerative condition and, therefore, that that condition is part of the accepted claim. She claims that employer's payment for surgery for the degenerative condition, its failure to appeal two determination orders, which she asserts included awards of compensation for disability caused by the degenerative condition, and the 1990 stipulation and order, which she also

asserts included compensation for the degenerative condition, constituted acceptance of the degenerative condition as a matter of law. Alternatively, she argues that employer's failure to appeal the determination orders and its 1990 stipulation preclude employer from now denying that the degenerative condition is part of the compensable claim.

There is no dispute that employer accepted the claim for shoulder strain, or that claimant's shoulder condition has worsened since the claim was closed. The issue is whether employer's acceptance encompassed the degenerative condition as well as the strain.

■■ Whether a condition has been accepted is a question of fact. *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992); *see also Taylor v. Masonry Builders, Inc.*, 127 Or App 230, 872 P2d 442, *rev den* 319 Or 281 (1994). The question for our review is whether there is substantial evidence to support the Board's finding that employer accepted only a right shoulder strain and not the degenerative condition. There is evidence that the claim filed by claimant in 1988 was for a shoulder strain and that she was diagnosed with tendinitis. The record contains the stipulation and order, which recites that employer accepted a claim for tendinitis in the shoulder. The Board's finding that the claim that was accepted was a shoulder strain, and that it did not include the degenerative condition, is reasonable in the light of all the evidence. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988). Therefore, the Board's finding is supported by substantial evidence.

■■ Although the basis for claimant's argument is not free from doubt, it appears that she is asserting that employer's conduct constituted acceptance of the degenerative condition as a matter of law. If that is her argument, she is wrong. Mere payment of compensation does not constitute acceptance. ORS 656.262(9); *Gregg v. SAIF*, 81 Or App 395, 725 P2d 930 (1986). Therefore, employer's payment for treatment of the degenerative condition, including surgery, does not constitute acceptance as a matter of law. Neither does employer's failure to appeal the two determination orders. The determination orders were issued by the Department of Insurance and Finance, not by employer. Their purpose was not to effect an acceptance or denial, but was to make a

determination about the extent of claimant's disability from the accepted shoulder strain and to award compensation in accordance with that determination. The determination orders did not, as a matter of law, constitute acceptance of the degenerative condition.[1]

■ Claimant also argues that the 1990 stipulation and order constituted acceptance of the degenerative condition. She asserts that employer's agreement to an increase in PPD for the right shoulder condition could only be based on the residuals from the surgery for the degenerative condition. She concludes, therefore, that employer's stipulation "amounted to a written acceptance" of the degenerative condition. Again, we disagree. Even if a stipulation is the equivalent of an acceptance of a claim, the 1990 stipulation says nothing about compensation for the degenerative condition. It says that claimant "filed a claim for a right shoulder condition which has been diagnosed as right shoulder tendinitis," and that "[t]hat claim was accepted and processed through to a Determination Order * * *." It goes on to state an agreement that employer would pay and claimant would accept an additional award of PPD. There is nothing in the order that arguably constitutes acceptance of the degenerative condition; in fact, that condition is nowhere mentioned in the stipulation and order.

■ If claimant's theory is that employer is barred by its conduct from denying that the degenerative condition is compensable, that argument also fails. Claimant does not rely on issue or claim preclusion, and therefore we do not address whether failure to appeal the determination orders could result in preclusion under *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990), and *Messmer v. Deluxe Cabinet Works, supra* n 1.[2] Instead, she cites *SAIF v. Forrest*, 68 Or

---

[1] Unlike in *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 881 P2d 180 (1994), the Board did not make a finding that the determination orders awarded compensation for the degenerative condition. Although claimant asserts that the determination orders made an award of compensation based in part on disability caused by the degenerative condition, it is not obvious from our review of the determination orders and the evaluators' worksheets that the award included any compensation related to the degenerative condition.

[2] This case is different than *Messmer v. Deluxe Cabinet Works, supra* n 1, because in this case claimant's assignment of error goes to the Board's finding that the degenerative condition was not accepted. Neither the Board's order nor claimant's argument addresses claim preclusion.

App 312, 680 P2d 1031 (1984), for the proposition that employer's payment for the shoulder surgery constituted acceptance of the degenerative condition. In that case, the claimant injured his knee. He was awarded compensation based on the referee's finding that the knee condition was work-related. Later, SAIF accepted a claim for aggravation of that condition. After surgery revealed that the knee condition was a result of an off-the-job injury rather than an on-the-job injury, SAIF issued a denial of the aggravation claim on the basis that the knee condition was not related to work. We held that SAIF could not deny the aggravation claim, because the referee's earlier determination that the knee condition was work related had not been appealed. Accordingly, under *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), SAIF could not deny the compensability of that condition.

■    That case does not assist claimant. Here, there has never been an adjudication that the degenerative condition is compensable. Further, the rule in *Bauman* that an employer may not deny an accepted claim applies only to claims that are specifically accepted under ORS 656.262. *SAIF v. Tull, supra.* Employer in this case has never officially accepted or denied the claim for the degenerative condition. The Board did not err in finding that employer had not accepted a claim for the degenerative condition.

■    Claimant's next two assignments challenge the Board's application of the major contributing cause standard to her claims for aggravation and for medical services. The Board reasoned that the degenerative condition was a preexisting condition and, therefore, that ORS 656.005(7)(a)(B) applied. It concluded that claimant was not entitled to compensation, because she had not shown that the 1988 on-the-job injury was the major contributing cause of the worsening of her right shoulder condition or of her need for medical treatment.

■    In *Jocelyn v. Wampler Werth Farms*, 132 Or App 165, 888 P2d 55 (1994), we held that ORS 656.005(7)(a)(B) does not apply to claims for aggravation under ORS 656.273(1). Claimant need prove only that her worsened condition was caused in material part by the compensable injury. Similarly, in *Beck v. James River Corp.*, 124 Or App 484, 863 P2d 526 (1993), *rev den* 318 Or 478 (1994), we held that the major

contributing cause test of ORS 656.005(7)(a)(B) does not apply to claims for continued need for medical treatment under ORS 656.245. The standard under that statute is also material contributing cause.

The Board erred in applying the major contributing cause test to the aggravation and medical services claims.

Reversed and remanded for reconsideration.