Argued and submitted December 16, 1996, affirmed October 15, 1997

In the Matter of the Compensation of
Jody Crompton, Claimant.

## FRED MEYER, INC.,
*Petitioner,*

*v.*

## Jody CROMPTON,
*Respondent.*

(95-06699, 95-03643; CA A93709)

946 P2d 1171

Paul A. Dakopolos argued the cause for petitioner. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Edward J. Hill argued the cause for respondent. With him on the brief was Carney, Buckley, Kasameyer & Hays.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Employer seeks review of an order of the Workers' Compensation Board (Board), claiming that the Board applied the wrong standard for determining compensability. We affirm.

The following facts are taken from the Board's findings. In 1989, claimant suffered compensable carpal tunnel syndrome (CTS), which was accepted and treated in 1990. For the next few years, claimant received no medical attention, yet she continued to "experience[ ] minimal chronic symptomatology which flared with over-usage." Claimant became pregnant in 1994. She continued to work, but, due to the pregnancy, she experienced a significant increase in bilateral symptomatology for which she sought treatment in December 1994. In that same month, claimant filed a new claim for occupational disease for the renewed bilateral CTS; that claim was denied, and claimant did not appeal the denial. She gave birth in February 1995 and, the following April, underwent a surgical right carpal tunnel release.

Claimant requested payment for medical services related to the continuous CTS on June 5, 1995, and employer, who is self-insured, denied the request. At a hearing requested by claimant, the administrative law judge (ALJ) characterized claimant's request as one for payment of medical services under ORS 656.245(1)(a) and set aside the denial, holding that the 1989 condition was materially related to the 1995 need for medical services. Employer appealed to the Board, which adopted the reasoning and conclusions of the ALJ.

Employer seeks review of that decision, arguing that the Board erred in applying a "material contribution" standard. Specifically, employer contends that the 1995 condition is either a combined or a consequential condition and, in either case, claimant must prove that the 1995 need for medical services was "caused in major part" by the 1989 CTS. ORS 656.245(1)(a). We review the Board's order to determine whether, as a matter of law, the Board applied an incorrect legal standard. ORS 183.482(8)(a); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 202, 752 P2d 312 (1988).

■ Employer first argues that the 1989 injury, together with claimant's pregnancy, creates a combined condition. A combined condition is defined in ORS 656.005(7)(a)(B), which provides:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Under ORS 656.245(1)(a), combined conditions are compensable if they are "caused in major part" by a compensable injury. According to employer, the preexisting condition is claimant's pregnancy, and the compensable injury is the 1989 accepted claim. It makes no sense, however, to contend that a 1994 pregnancy preceded a 1989 injury. Employer insists that, under ORS 656.005(24), the pregnancy is properly considered a preexisting condition, because it preceded claimant's December 1994 claim. ORS 656.005(24) provides:

> " 'Preexisting condition' means any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to disability or need for treatment and that precedes the onset of an initial claim for an injury or occupational disease, or that *precedes a claim for worsening* pursuant to ORS 656.273."

(Emphasis supplied.) Thus, under the statute, a preexisting condition must precede either (1) the onset of the initial claim for injury or occupational disease, or (2) a claim for worsening under ORS 656.273. In this case, employer does not argue that the pregnancy preceded a claim for injury or occupational disease. In any event, although the pregnancy did precede claimant's December 1994 occupational disease claim, that claim was denied by employer, was not appealed and is not before us in this case. Employer's only argument is that the pregnancy preceded claimant's 1994 claim, which it characterizes as a claim for worsening under ORS 656.273. That argument fails, because the 1994 claim was not a claim for worsening, as we have explained. We agree with the Board

therefore that this case does not present a combined condition.

■ Employer's second argument is that the "major contributing cause" test applies because claimant's 1995 claim is a consequential condition resulting from the 1989 CTS. ORS 656.005(7)(a)(A) provides:

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

We addressed the proper construction of that statute in *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992). In that case, the claimant fell at work and suffered many injuries that were accepted for coverage. In the months following the accident, the claimant began to develop numbness in her arms and hands for which she sought treatment, resulting in surgery one-and-one-half years after the accident. A specialist concluded that the current condition, thoracic outlet syndrome (TOS), was materially caused by the fall; and the Board, using the "material contribution" standard, ordered coverage for the claimant. The employer argued that the TOS was a consequence of the compensable injury and that the "major contributing cause" standard applied. The claimant responded that the TOS was a part of the compensable injury rather than a consequence of it.

We held that "[t]he major contributing cause standard of ORS 656.005(7)(a)(A) was not intended to supplant the material contributing cause test for every industrial injury claim." *Id.* at 415. We explained further:

"The distinction is between a condition or need for treatment that is caused by the *industrial accident*, for which the material contributing cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury*. It is the latter that must meet the major contributing cause test."

*Id.* (emphasis in original). Applying that test to the facts, we found that the "claimant's TOS was directly caused by the

1989 slip and fall itself, not by the injuries that she had sustained in the fall," and held that the material contribution standard applied. *Id.*

We followed our decision in *Gasperino* with *Beck v. James River Corp.*, 124 Or App 484, 863 P2d 526 (1993), *rev den* 318 Or 478 (1994). That case involved a noncompensable injury to the claimant's left shoulder in 1983, followed by a compensable injury to the same shoulder in 1986. In 1991, the claimant underwent unrelated neck treatment that caused muscle contractions in his left shoulder requiring treatment. The employer denied coverage, arguing that the shoulder injury constituted a combined condition and that the claimant had not met his burden of proving that the 1986 compensable injury was the major cause of the need for treatment. We concluded that ORS 656.005(7)(a) does not apply to claims for continued treatment made pursuant to ORS 656.245, noting that

> "[e]mployer does not argue that the [neck treatment] caused a new injury, and claimant does not seek compensation for a new injury or condition. The [neck treatment] merely caused a need for further treatment of the compensable shoulder condition."

*Id.* at 487.[1]

■　　　Both decisions make clear that a consequential condition is a separate condition that arises from the compensable injury, for example, when a worker suffers a compensable foot injury that results in an altered gait that, in turn, results in back strain. *See Gasperino*, 113 Or App at 415 n 2; *see also Barrett Business Services v. Hames*, 130 Or App 190, 193, 881 P2d 816, *rev den* 320 Or 492 (1994) (consequential condition under ORS 656.005(7)(a)(A) exists when a claimant suffers a new injury); *Roseburg Forest Products v. Ferguson*, 117 Or App 601, 604, 845 P2d 930, *rev den* 316 Or 528 (1993) (ORS

---

[1] Subsequent to the *Beck* decision, the language of ORS 656.245 was amended to clarify that ORS 656.005(7)(a) may apply to claims for continued medical services. Nevertheless, the analysis of *Beck* as to why the facts failed to constitute a consequential condition under ORS 656.005(7)(a)(A) remain unaffected by the changes in statutory language to ORS 656.245.

656.005(7)(a)(A) not applicable when a claimant needs continued medical treatment under ORS 656.245 for a previously compensated condition).

As in *Gasperino* and *Beck*, this case does not involve two different injuries, one caused by another, but, rather, involves different occurrences of the same condition. Claimant's 1995 CTS is the same work-related CTS that developed in 1989. Thus, there is no consequential condition, and ORS 656.005(7)(a)(A) does not apply.

Affirmed.