Argued and submitted December 1, 2009, affirmed September 1, petition for review denied December 9, 2010 (349 Or 370)

In the Matter of the Compensation of
Petra E. Vasquez, Claimant.

Petra E. VASQUEZ,
*Petitioner,*

*v.*

SAIF CORPORATION
and Certified Personnel Service Agency,
*Respondents.*

Workers' Compensation Board
0703931, 0703932; A139420

238 P3d 1000

R. Adian Martin, argued the cause and filed the briefs for petitioner.

Julene M. Quinn argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of her claim for carpal tunnel syndrome. The board determined that the carpal tunnel syndrome was a consequential condition of swelling that resulted from a work-related injury and that claimant had failed to establish that the work injury itself was its major contributing cause, as required by ORS 656.005(7)(a)(A). Claimant contends that her condition is compensable on a direct injury theory and that the "material contributing cause" standard of proof applies. We affirm.

The relevant facts are not in dispute. Claimant injured her right hand at work when she accidentally struck a wall with her closed fist, which caused pain, swelling, and bleeding over the large knuckle of the third finger. Claimant's hand became swollen to her wrist. A physician's assistant diagnosed a right hand contusion and placed claimant on light duty. After two weeks, claimant's symptoms improved, and she was experiencing only occasional pain with overuse. SAIF accepted a "right hand contusion."

Then, a few weeks after the injury, claimant began to experience tingling and numbness in her right hand. Dr. Al-Akhal diagnosed carpal tunnel syndrome, which he described as "separate," and referred claimant for an orthopedic evaluation. Dr. Anderson, an orthopedic surgeon, also diagnosed right carpal tunnel syndrome, and recommended carpal tunnel release surgery.[1] EMG and nerve conduction studies revealed moderate entrapment of the right median nerve at the wrist and mild ulnar neuropathy at the right elbow. Claimant requested that SAIF modify its acceptance to include right carpal tunnel syndrome. Dr. Nye, a hand surgeon, examined claimant on behalf of SAIF, and also diagnosed carpal tunnel syndrome, but expressed the opinion that the condition was not caused by the industrial accident. SAIF denied the claim, and claimant requested a hearing.

---

[1] Anderson also diagnosed a "subluxation of the third extensor tendon," for which claimant sought compensation. SAIF denied that condition, and the administrative law judge (ALJ) and the board upheld SAIF's denial. On review, claimant does not challenge the board's determination with respect to the subluxation, and we do not address it further.

At the hearing, the parties disagreed about the standard of proof. Claimant contended that her carpal tunnel syndrome was caused directly by the industrial injury and that the "material contributing cause" standard of proof applies. *Albany General Hospital v. Gasperino*, 113 Or App 411, 415, 833 P2d 1292 (1992); *see* ORS 656.005(7)(a).[2] SAIF asserted that claimant's carpal tunnel syndrome was a "consequential condition" and that, therefore, the major contributing cause standard of proof applies. ORS 656.005(7)(a)(A).

The ALJ determined that the medical evidence supported SAIF's position. On the question of causation, doctors Anderson and Nye were both of the opinion that the swelling from claimant's injury was a material contributing cause of claimant's carpal tunnel syndrome. They did not conclude, however, that the blow to the hand itself brought on the carpal tunnel syndrome. On the basis of that evidence, the ALJ concluded that claimant's carpal tunnel syndrome was a consequential condition and, further, that claimant had failed to establish that the work injury was the major contributing cause of the carpal tunnel syndrome. The board agreed with the ALJ's conclusion that claimant's carpal tunnel syndrome was a consequential condition and also found that the medical evidence was insufficient to establish compensability.

Claimant seeks review, contending that her carpal tunnel syndrome should be analyzed as a direct injury claim, to which a material contributing cause standard of proof applies, rather than as a consequential condition. It is not disputed that a material cause of claimant's carpal tunnel syndrome is the swelling that came on as a result of claimant's compensable injury. The question presented on review is whether, by that chain of causation, claimant's carpal

---

[2] ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

tunnel syndrome is a direct result of the industrial accident or a consequential condition.

We grappled with the direct injury/consequential injury dichotomy in *Gasperino*. In that case, the claimant fell at work and strained her wrist. Over the next several months, she developed numbness and tingling down her arms, and doctors ultimately diagnosed thoracic outlet syndrome, which they opined had been caused in material part by the fall. The question in *Gasperino* was whether the condition was directly related to the fall or was instead a consequence of the compensable injury. Based on the text and legislative history of ORS 656.005(7)(a), we concluded that the statute creates a distinction

> "between a condition or need for treatment that is caused by the *industrial accident*, for which the material contribution cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury*. It is the latter that must meet the major contributing cause test."

113 Or App at 415 (emphasis in original). The medical evidence in that case established that the claimant's thoracic outlet syndrome "arose directly, although belatedly, from the [industrial accident]" and that the industrial accident materially contributed to the condition. *Id.* at 414. We therefore affirmed the board's decision that the condition was caused directly by the industrial accident itself, and "not by the injuries that she had sustained in the fall." *Id.* at 415.

In this case, the facts are different from those in *Gasperino*. While in *Gasperino*, the board found that the claimant's thoracic outlet syndrome "was directly caused by the [industrial injury] itself," in this case, the board found that there was no such direct connection between the industrial injury and claimant's condition. In this case, the board found that the medical evidence showed that the industrial injury caused claimant's wrist to bruise and swell and that the swelling, in turn, was a material contributing cause of the carpal tunnel syndrome.

Claimant contends that, notwithstanding that factual difference, our more recent decision in *Fred Meyer, Inc. v. Crompton*, 150 Or App 531, 536, 946 P2d 1171 (1997),

makes clear that a consequential condition arises only if a "new injury" or "separate condition" develops subsequent to a compensable injury as the result of a separate intervening cause subsequent to the original accident. In this case, she argues, there is no such new, intervening condition; rather, the industrial accident led in an uninterrupted sequence to the swelling and, thence, to the carpal tunnel syndrome.

We have no quarrel with claimant's reading of *Crompton*. In that case, the claimant experienced a compensable carpal tunnel syndrome in 1989 for which she received treatment, and experienced an increase in symptomatology in 1994. In rejecting the employer's contention that the second occurrence was a consequential condition, we said that our case law makes clear that "a consequential condition is a separate condition that arises from the compensable injury, for example, when a worker suffers a compensable foot injury that results in an altered gait that, in turn, results in back strain." 150 Or App at 536. In holding that the claimant's condition was not a consequential condition, we reasoned that the claimant's recurrence of carpal tunnel syndrome did not "involve two different injuries, one caused by another." *Id.* at 537.

The problem with claimant's argument is that the medical evidence in this case simply does not support her application of the case to her condition. As we have noted, the evidence in this case does not show that the blow to claimant's hand caused the nerve compression that constitutes the carpal tunnel syndrome. Rather, the evidence is explicit that the carpal tunnel syndrome was *not* caused by the industrial accident itself, but was brought on, in material part, by the swelling that resulted from the injury. Unlike the evidence in *Crompton*, then, the evidence in this case supports the board's conclusion that claimant's carpal tunnel syndrome was "separate" from the industrial accident.

We agree with the board, therefore, that claimant's carpal tunnel syndrome is the result of the injury, and not the industrial accident. For that reason, the board correctly held that the major contributing cause standard of proof applies. Substantial evidence supports the board's finding that claimant has not met her burden to show that the compensable

injury is the major contributing cause of the carpal tunnel syndrome.

Affirmed.