Argued and submitted January 17, affirmed September 11, 1996

In the Matter of the Compensation of
Darcy Borgerding, Claimant.

BOISE CASCADE,
*Petitioner,*

*v.*

Darcy BORGERDING,
*Respondent.*

(WCB No. 94-05241; CA A89178)

923 P2d 1308

Richard D. Barber, Jr., argued the cause for petitioner. With him on the brief was Bostwick, Sheridan & Bronstein.

Hollis Ransom argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Employer seeks review of an order of the Workers' Compensation Board (Board) setting aside its denial of claimant's "current condition." We affirm.

Claimant began working for employer in October 1990. In June 1991, while sweeping wood dust at the job site, she experienced a skin rash, breathing difficulties and swelling of her tongue and face. Claimant sought medical treatment from Dr. Thornfeldt, who diagnosed her condition as an allergy to red spruce and fir. She also underwent an independent medical examination by Dr. Bilstrom, at employer's request. He diagnosed eczema and angioedema due to wood dust at work. Thornfeldt concurred with Bilstrom's report. After receiving the medical reports, employer accepted the claim.

Thornfeldt continued to treat claimant for her condition. In February 1994, claimant was examined by Dr. Bardana. He concluded that Thornfeldt had misdiagnosed claimant's condition. He diagnosed the condition as chronic urticaria/angioedema, which, in his opinion, was idiopathic, preexisted claimant's work and was not related to her work exposure. Following receipt of Bardana's opinion, employer issued the following denial:

> "[The employer has] received Dr. Bardana's report regarding your allergy condition and [has] completed [its] review of it. [The employer has] determined that your current condition is not related to your accepted workers' compensation claim. Therefore, we cannot accept further responsibility for treatment of this condition. We must respectfully issue this partial-denial of your current condition."

Employer then closed the claim with no award of permanent disability.

Claimant requested a hearing on employer's denial arguing that it was an impermissible backup denial, because the denial was issued more than two years after acceptance. Employer argued that the denial was proper as a partial denial of an unrelated condition. Both the referee and the Board concluded that the condition employer sought to deny

was the same condition employer had previously accepted and, therefore, that the new denial was an impermissible backup denial, because it occurred more than two years after the initial acceptance of the claim. ORS 656.262(6). The Board also concluded, alternatively, that the denial was an impermissible preclosure denial of an accepted condition.

On review, employer first argues that the Board was wrong in concluding that its 1994 denial was for the same condition that it accepted in 1991 and that, accordingly, the Board erred in holding that employer's 1994 denial was an improper backup denial. Claimant asserts that the Board's finding that this was the same condition is supported by substantial evidence and, therefore, the Board was right in concluding that employer's denial must be set aside.

We agree with claimant that there is substantial evidence supporting the Board's conclusion that employer is attempting to deny the same condition that it had earlier accepted. As the ALJ explained:

"My complete review of the documents since the hearing convinces me that the denial letter is a backup denial of the accepted condition and it is not a partial denial of an unrelated condition. *The symptoms which were accepted are the same symptoms which are now denied.* The conditions that Dr. Thornfeldt and Dr. Bilstrom described by one set of terminology are the same conditions now denied by use of Dr. Bardana's terminology. Dr. Bardana is providing his own interpretation of the same evidence that formed the basis of the opinions of Dr. Thornfeldt and Dr. Bilstrom regarding claimant's onset and appearance of symptoms while she was working for the employer. This is a classic backup denial because there is nothing different about claimant but only a different interpretation of what claimant has and had."

Accordingly, the Board did not err in setting aside employer's 1994 denial.[1]

Employer also argues that a procedural error that occurred here requires a remand of the Board's order. At

---

[1] In view of our conclusion that the Board was correct regarding the backup denial, it is unnecessary to consider the Board's alternative basis for setting aside the denial as an impermissible preclosure denial.

hearing, employer orally sought to amend its written denial of claimant's "current condition" to a denial of "chronic idiopathic urticaria and angioedema." The ALJ allowed employer's oral amendment. At the time that employer sought to amend the denial, claimant requested a continuance, but, from the record, it does not appear that claimant specifically objected to the amendment.[2] The request for a continuance was denied. After the hearing record was closed, however, the ALJ determined, based on *Dolph M. Wiedenmann*, 46 Van Natta 1584 (1994), that the oral amendment to employer's denial should *not* have been allowed and ruled that the amendment to the denial would not be allowed and that he would proceed as if there were no amendment of the denial. Employer moved for reconsideration of the ALJ's decision, which the ALJ denied, explaining that there was no need to reconsider his decision, because the arguments raised would not make a difference in his decision. The Board agreed. It stated:

> "At hearing, the employer noted that it had accepted the original claim for an allergy to red spruce and Douglas fir. The employer requested to amend its denial to specify the denied current conditions as chronic idiopathic urticaria and angioedema. The Referee disallowed the amendment request. On review, the employer contends that the Referee should have ruled on the denial as amended and that he erred in concluding that the denial was a 'backup' denial of the accepted condition. Like the Referee, we find that the 'urticaria' and 'angioedema' diagnoses merely describe the same condition/symptoms which the employer accepted under the original claim. Because the employer sought to deny responsibility for the accepted condition, it was properly set aside as an invalid 'backup' denial."

In view of our conclusion that the Board's finding that the condition that employer sought to deny was the same as the condition that it had earlier accepted is supported by substantial evidence, it is unnecessary to address the question of the permissibility of the oral amendment. As both the referee and the Board explained, the amendment

---

[2] The ALJ found that claimant had objected.

would not make a difference here. The Board did not err in setting aside employer's denial.

Affirmed.