Argued and submitted April 3, affirmed June 11, 1997

## In the Matter of the Compensation of
## Marilyn Wheeler, Claimant.

## Marilyn WHEELER,
*Petitioner,*

*v.*

## LIBERTY NORTHWEST INSURANCE CORPORATION
## and Associated Press,
*Respondents.*

## (WCB 94-10789; CA A93922)

939 P2d 632

Linda C. Love argued the cause for petitioner. With her on the brief was Craine & Love.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) upholding employer's denial of her aggravation claim for a bilateral wrist, forearm and elbow condition. We affirm.

Claimant works as an editor and reporter for employer Associated Press. In 1989, employer accepted claimant's claim for tendinitis in her left wrist. In 1990, claimant was deemed medically stationary, and the claim was closed by determination order without any award of permanent disability benefits. Later in 1990, the parties entered into a stipulation that claimant would receive 5 percent permanent partial disability for tendinitis in both wrists. Also in 1990, claimant was transferred from Oregon to North Dakota. In North Dakota, claimant's duties did not involve as much computer keyboarding, and her symptoms diminished. She had flare-ups in 1992 and 1993 that were associated with temporary increases in her workload. Claimant received no further medical treatment for the wrist problems until 1994.

In 1994, while working in North Dakota, claimant sought treatment for pain in her wrists, forearms and elbows. Claimant testified that the pain was worse than it had been in 1989, and that it had crept up her arms. She was diagnosed with fibrositis and lateral epicondylitis. Her treating physician was of the opinion that claimant's 1994 condition was related to the condition for which she had been treated in 1989, and also that claimant's work in North Dakota had worsened the condition.

Claimant filed an aggravation claim with employer's Oregon insurer, Liberty Northwest, and that claim was denied. Claimant then filed a workers' compensation claim in North Dakota, which was dismissed as untimely.[1] Claimant appealed the denial of her aggravation claim, and the administrative law judge (ALJ) upheld the denial. On review, the Board found that claimant's condition was a consequential condition and, applying ORS 656.005(7)(a)(A), found that

---

[1] Claimant has appealed that dismissal, and her North Dakota appeal is currently in abeyance pending the outcome of this case.

claimant had failed to establish that her 1989 condition was the major contributing cause of her 1994 consequential condition.

Claimant petitioned for judicial review of the Board's decision, arguing that the Board erred in analyzing her claim as a consequential condition. She argues that her condition in 1994 arose directly from her 1989 work exposure, and thus that the major contributing cause criteria that apply to claims for consequential conditions do not apply.[2] Claimant argues that the common-law rule established by this court in *Miville v. SAIF*, 76 Or App 604, 710 P2d 159 (1985), should be applied. Under *Miville*, claimant contends, if her original Oregon condition materially contributed to her later disability, the claim is compensable in Oregon even if out-of-state injuries independently contributed to the later disability. Employer responds that substantial evidence in the record supports the Board's conclusion that claimant's 1994 condition was a consequential condition, and that claimant failed to establish that her 1989 condition was the major contributing cause of her 1994 condition. Further, employer contends that the rule in *Miville* precludes recovery in this case, because the dismissal of the North Dakota claim due to untimeliness is essentially the same as claimant failing to file a claim in North Dakota.

In *Miville*, the claimant had a compensable injury in Oregon, and subsequently had another on-the-job injury to the same body part while working for another employer in another state. 76 Or App at 605. He filed an aggravation claim in Oregon, which was denied. Under the workers' compensation law at the time, if a subsequent on-the-job injury in Oregon independently contributed to the disability, responsibility would shift to the second Oregon employer. A subsequent off-the-job injury, however, would result in the initial employer remaining responsible if the initial injury remained a material contributing cause of the disability. *Id.* at 606. This court, therefore, was faced with deciding which test

---

[2] Claimant does not argue that ORS 656.005(7)(a)(A) (consequential conditions) should not be applied to aggravation claims. Rather, she asserts that it was misapplied to this particular claim because her 1994 condition was not a consequential condition.

should apply to a subsequent out-of-state on-the-job injury. We held that, because Oregon had no control over how or whether the subsequent injury would be compensable in another state, the claim would remain compensable in Oregon "when a claimant has suffered an on-the-job injury in another state for which he has claimed, but has not been awarded, compensation, and the medical evidence is that the original Oregon injury materially contributed to the claimant's present disability, even though the out-of-state injuries contributed independently to the present disability." *Id.* at 607.

■ Claimant in the present case contends that the rule of law announced in *Miville* regarding the first employment remaining responsible if that condition remains a material contributing cause of the disability applies in the present case, and that although her subsequent out-of-state work contributed to her condition in 1994, the 1989 condition materially contributed to her present disability; thus, her claim is compensable. Employer contends that *Miville* precludes recovery in this case, because claimant failed to pursue a timely claim in North Dakota.

We reject employer's argument that claimant's claim is precluded under the procedural rule from *Miville* because claimant is required to pursue an out-of-state claim. In *Progress Quarries v. Vaandering*, 80 Or App 160, 165-66, 722 P2d 19 (1986), this court addressed whether *Miville's* procedural requirement applied to occupational disease claims as well as accidental injury claims, and concluded that it did not. *See also Silveira v. Larch Enterprises*, 133 Or App 297, 891 P2d 697 (1995) (same). The status of claimant's North Dakota workers' compensation claim therefore does not affect the outcome in this case.

■ Claimant maintains that *Miville's* "material contributing cause" standard should be applied in the present case. We disagree. To the extent that the substantive rule from *Miville* retains any vitality in the light of subsequent legislative changes, *see, e.g.*, ORS 656.308(1); ORS 656.273, we conclude that it has no application in the present case. *Miville* concerned accidental injuries to the same body part. The present case concerns different occupational diseases. The

Board found that claimant's current wrist, forearm and elbow conditions are not the same condition for which claimant previously had been compensated. Under current law, when a claim concerns a condition that has not previously been accepted, that claim must be analyzed either as a new injury or under the "major contributing cause" standard set forth in ORS 656.005(7)(a). Here, because the conditions for which compensation is sought are different from the previous compensable condition, the Board was correct in concluding that *Miville* did not apply.[3]

The "major contributing cause" standard is codified in ORS 656.005(7)(a), and provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

Occupational diseases are treated as injuries for purposes of ORS chapter 656. ORS 656.804. ORS 656.273(1) deals with claims for aggravation of conditions previously deemed compensable, and provides, in part:

"After the last award of arrangement of compensation, an injured worker is entitled to additional compensation for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is

---

[3] Moreover, although at the time *Miville* was decided, "material contributing cause" was the test for both initial accidental injury claims and aggravation claims concerning accidental injuries, occupational disease claims were analyzed under a "major contributing cause" standard rather than a "material contributing cause" standard. *See, e.g., Dethlefs v. Hyster Co.*, 295 Or 298, 667 P2d 487 (1983) (applying major contributing cause test to occupational disease claim); *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 501, 812 P2d 844, *rev den* 312 Or 150 (1991) (standard of proof for proving all types of occupational disease claims is major contributing cause standard).

established by medical evidence of an actual worsening of the compensable condition supported by objective findings."

The Board concluded that, because claimant's current conditions are not the same as the previously accepted condition, to establish compensability she is required to show that the "worsened condition resulting from the original injury" is a consequential condition and that the original condition is " the major contributing cause of the consequential condition." ORS 656.005(7)(a)(A). *See, e.g., Weyerhaeuser Co. v. Pitzer*, 123 Or App 1, 858 P2d 886 (1993) (applying ORS 656.005(7)(a)(A) to occupational disease claim).

■ Claimant argues that her 1994 condition is not a "consequential" condition, and thus was not subject to the major contributing cause standard. Claimant relies on this court's decision in *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992), to support her contention that her 1994 condition is a "direct" rather than a "consequential" result of her 1989 tendinitis. In *Gasperino*, the claimant fell at work and injured her back, wrists and shoulders. The employer accepted the claim. In the next few months, the claimant experienced numbness in her arms and hands, and was diagnosed with thoracic outlet syndrome (TOS). The employer denied the claimant's claim for TOS, and argued that the claimant had not established that the TOS was a compensable "consequential condition" under ORS 656.005(7)(a)(A), the "major contributing cause" standard. This court agreed with the claimant that her TOS was not a "consequential" condition, because the "medical evidence indicated that claimant's TOS was a condition that arose directly, although belatedly, from the [accidental injury]." 113 Or App at 414. Thus, claimant is correct that, if her 1994 condition arose directly from her 1989 condition, the 1994 condition would not be treated as "consequential" for purposes of ORS 656.005(7)(a)(A).

However, as the Board noted, claimant's fibrosistis and lateral epicondylitis developed approximately three years after her wrist tendinitis claim had been closed. Moreover, uncontradicted evidence in the record indicates that claimant's wrist and elbow pain are causally related to her work in North Dakota. Claimant's argument that her 1994

condition was directly caused by her 1989 condition is not well taken, given the evidence in the record that her 1994 condition is related, at least to some degree, to an intervening cause, *i.e.*, her work in North Dakota. Thus, the Board did not err in analyzing claimant's current condition as a "consequential condition." ORS 656.005(7)(a)(A).

■     The Board found that there was insufficient evidence in the record to establish that the 1989 condition was the major contributing cause of the 1994 condition. We agree. The only medical evidence concerning causation came from claimant's treating physician in North Dakota, who indicated that he believed that claimant's 1994 condition was "related" to her 1989 condition, and also that claimant's condition had "been made worse by her ongoing work activities." That evidence is insufficient to establish that the 1989 condition was the major contributing cause of the consequential condition that claimant experienced in 1994.

■     Finally, claimant argues that the Board erred in determining that her 1994 condition was not the same as her 1989 condition. We review the Board's finding to determine if it is supported by substantial evidence in the record. ORS 656.298(6); ORS 183.482. Claimant argues that her 1994 condition is the same condition that the employer had previously accepted. Claimant relies on this court's decision in *Boise Cascade v. Borgerding*, 143 Or App 371, 923 P2d 1308 (1996). That case does not assist claimant. In that case, the employer had accepted the claimant's claim for an allergy condition caused by wood dust at work. *Id.* at 373. Subsequently, another physician concluded that the claimant had been misdiagnosed and that the allergy condition was not caused by wood dust. *Id.* The employer then denied the claim. This court concluded that the denial was not permissible because the employer was attempting to deny the same condition that it previously had accepted. In reaching that conclusion, this court relied on the fact that the " 'symptoms which were accepted are the same symptoms which are now denied.' " *Id.* at 374 (quoting ALJ order). In the present case, by comparison, there is no evidence of a misdiagnosis of claimant's 1989 condition, and it is undisputed that her 1994 symptoms are not the same symptoms that accompanied the 1989 condition. While both the 1989 condition and the 1994 condition

involved wrist pain, the 1994 condition concerned claimant's forearms and elbows. Not only are the symptoms different, but the diagnoses are different. Substantial evidence in the record supports the Board's finding that claimant's 1994 condition was not the same as her 1989 condition.

The Board correctly concluded that claimant failed to establish that her 1989 wrist tendinitis is the major contributing cause of her 1994 fibrositis and lateral epicondylitis, ORS 656.005(7)(a)(A), and, thus, properly concluded that claimant had not established that her aggravation claim is compensable. ORS 656.273.

Affirmed.